## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03420-REB-NYW

ESMERALDO VILLANUEVA ECHON JR;
MARIBEL ECHON;
and JUSTIN ECHON

      Plaintiffs,

v.

WILLIAM SACKETT and LEONIDA SACKETT

      Defendants.

---

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

---

Plaintiffs, through their counsel, respectfully move for an order requiring Defendants to fully answer Plaintiffs' First Set of Interrogatories and to respond to Plaintiffs' Request for Production of Documents pursuant to Fed. R. Civ. P. 33, 34 and 37(a). Plaintiffs should be permitted to have a full and fair opportunity to develop the proof in support of their claims.

### I. CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1 and Fed. R. Civ. P. 37(a)(1), undersigned counsel for the Plaintiffs certify that they have made repeated good faith attempts to secure the requested discovery without court intervention. On July 15, 2015, after receiving Defendants' responses to Plaintiffs' discovery requests, which are the subject of this motion, Plaintiffs sent a letter to Defendants describing the deficiencies in their responses and requesting Defendants provide the information requested. Plaintiffs also

requested Defendants provide signed verifications of the responses.  On July 31, 2015,

Plaintiffs received Defendants signed verifications.  On August 4, 2015, Plaintiffs'

counsel called Defendants to discuss the deficient discovery responses as another

attempt to obtain the information without court intervention.  During that phone

conversation, however, Plaintiffs' counsel was informed that nothing would be produced

"without direct orders from the Court".  On August 4, 2015, Defendants refused to join

Plaintiffs on a phone call to the Court to schedule a time for the parties to attempt to

resolve the discovery dispute through an informal process facilitated by Judge Wang.

On August 10, 2015, Judge Wang issued a Minute Order scheduling a telephonic

hearing on Plaintiffs' *related* Motion for Extension of Time to Amend Scheduling Order

to Extend Certain Deadlines [Doc. 25] for August 13, 2015 at 9:30 a.m.  Defendants did

not attend the telephonic hearing on August 13, 2015.  In addition to ruling on Plaintiffs'

related motion during the telephonic hearing, the Court instructed Plaintiffs to file a

Motion to Compel no later than August 20, 2015 [Doc. 27].

## II. STATEMENT OF RELEVANT FACTS

Plaintiffs seek to recover damages and all other amounts owed by Defendants'

violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C.

§ 1589 *et seq.*, as well as wages and all other amounts owed by Defendants' violations

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Colorado Wage

Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.* and Colorado minimum wage laws, Colo.

Rev. Stat. § 8-6-101 *et seq.* and Article XVIII, Section 15 of the Colorado Constitution,

as well as recover amounts owed to them for Defendants' breach of contract, 18 U.S.C.

§ 1183a *et seq.* and amounts owed to them in equity for Defendants' unjust enrichment at the expense of Plaintiffs.

Prior to filing this action, Plaintiffs were in contact with Defendants, via their attorney Nicholas Gradisar.  On December 18, 2014 Plaintiffs filed the Complaint against Defendants [Doc. 1]. The following day Defendants informed Plaintiffs that Mr. Gradisar was no longer representing them.

On June 9, 2015 Plaintiffs served Defendants with Plaintiffs' First Interrogatories and Requests for Production, attached hereto as Exhibit A. On July 13, 2015, Plaintiffs received the Requests for Production that had been sent to Defendants with handwritten responses under each request, attached hereto as Exhibit B.  Defendants did not include any of the requested documents with their response, nor did they state any objections or provide explanations as to why the requested documents were not produced.

In response to Plaintiffs' Request for Production No. 2, requesting all documentation reflecting any financial support or payments Defendants purport to have provided to Plaintiffs, Defendants responded "NONE".  *See* Exhibit B.   This response is inconsistent with previous statements Defendants have made in their defense in this action, including the detailed statements in Defendants' "Answer to Disclosure" [Doc. 14] in regard to the various ways in which Defendants supported Plaintiffs such as, having paid for Plaintiffs' schooling, immigration papers, dentist and doctor bills.

In response to Plaintiffs' Request for Production No. 3, seeking employment records of anyone who has performed services for Defendants' farming or leasing operations, Defendants' response of "Was Not Employed By Me At Anytime" appears to

indicate that Defendants claim to have never employed anyone.  *See* Exhibit B.

However, in Defendants' Motion to Vacate [Doc. 26] filed August 13, 2015, Defendant

William Sackett states that he has not had any employees "since [he] quit farming 1000

acres." Defendants' subsequent representation made to the Court suggests that there

was a time when Defendants did have employees.

In response to Plaintiffs' requests for records relating to Defendants' property

ownership and finances of the farming and leasing operations (Requests for Production

Nos. 4 through 9 and 11), Defendants wrote either "not at this time" or "no at this time

you have not won yet," indicating that Defendants were not going to be producing the

requested records.  *See* Exhibit B.

On July 15, 2015, Plaintiffs sent a letter to Defendants explaining the deficiencies

of Defendants' responses and requesting Defendants to provide a response to the

requested information in compliance with the Federal Rules of Civil Procedure.

Plaintiffs' letter also requested Defendants to include signed verification forms with their

responses since Defendants had failed to do so.  The July 15 letter was Plaintiffs' first

good faith attempt to obtain the discovery responses without court action pursuant to

Rule 37 of the Federal Rules of Civil Procedure.

On July 31, 2015, Plaintiffs received Defendants' signed verifications, attached

hereto as Exhibit C.  Because Defendants had not produced anything further in regard

to the Request for Production of Documents or Plaintiffs' First Interrogatories, Plaintiffs'

counsel then contacted Defendants on August 4, 2015 as an additional attempt to

obtain the requested discovery without court action.  Plaintiffs' efforts were unsuccessful

and during the phone conversation on August 4, Defendant William Sackett told the

Plaintiffs' counsel that they would not produce anything without direct orders from the Court.

As of this date, Defendants have not provided a response to Plaintiffs' First Interrogatory Requests nor have they provided any additional documentation or responses to Plaintiffs' Request for Production.

In compliance with D.C.COLO.LCivR 37.1, Plaintiffs have attached to this Motion Plaintiffs' First Set of Interrogatories and Requests for Production of Documents as Exhibit A, and the entirety of Defendants' responses as Exhibits B and C.

### III.  ARGUMENT

Plaintiffs "may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defense. . . ." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not to be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

Upon being served Plaintiffs' First Set of Interrogatories, Defendants were required to serve Plaintiffs its answers and objections in compliance with Rule 33 of the Federal Rules of Civil Procedure.  Each interrogatory, to the extent it is not objected to, must be answered separately and fully in writing under oath.  Fed. R. Civ. P. 33(b)(3). In the event Defendants fail to answer any of the interrogatories submitted under Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs may move for an order compelling Defendants to answer.  Fed. R. Civ.  P.  37(a)(3).

Similarly, Defendants were required to respond to Plaintiffs' Request for Production of Documents in accordance with Rule 34 of the Federal Rules of Civil

Procedure.  Defendants' response to each item requested must state that inspection of the requested records will be permitted or state an objection to the request, including the reasons.  Fed. R. Civ.  P. 34(a)(2)(B).  Objections to a part of a request must specify the part and permit inspection of the rest.  Fed. R. Civ. P. 34(a)(2)(C).  If Defendants fail to respond that inspection will be permitted—or fails to permit inspection as requested under Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs may move for an order compelling an answer, designation, production or inspection.

Per Rule 37(a)(4) of the Federal Rules of Civil Procedure, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  In the event a discovery request is objected to, "[t]he objecting party has the burden to substantiate its objections." *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997) (citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir. 1984). "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *S.E.C. v. Fuhlendorf,* 2010 U.S. Dist. LEXIS 98600, *8  (D. Colo. Sept. 7, 2010).

<u>Plaintiffs First Set of Interrogatories</u>

In regard to Plaintiffs' First Set of Interrogatories served upon Defendants on June 9, 2015, Defendants failed to provide any answers or objections in response to any of the interrogatories as required under Rule 33 of the Federal Rules of Civil Procedure.    Due to Defendants' failure to respond, Plaintiffs are entitled to move to

compel Defendants to answer Plaintiffs' Interrogatories pursuant to Rule 37(a)(3)(B)(iii) of the Federal Rules of Civil Procedure.

Plaintiffs' Requests for Production of Documents

Although Defendants did provide a response to Plaintiffs' Request for Production of Documents, Defendants did not provide any of the requested documents. Defendants, instead, provided brief handwritten responses to each request, claiming that no such documents existed or simply refused to produce the items requested by stating "not at this time" or "no at this time you have not won yet."  See Exhibit B.

Plaintiffs provide the following rationale in support of their request to compel Defendants to respond to the following Requests for Production (RFP):

**Plaintiffs' RFP No. 2:**  RFP No. 2 requests Defendants to produce all documentation reflecting the financial support that Defendants claim to have provided to the Plaintiffs and Plaintiffs' immediate family members over the years. Defendants have attempted to claim, as a defense to this action, that they have been purportedly providing financial support to Plaintiffs and their family members for years.  See Defs. Answer to Disclosure [Doc. 14]. Not only is the information sought in RFP No. 2 likely to lead to the discovery of admissible evidence, Plaintiffs' ability to access the documents Defendants may use to support their contention that they financially supported Plaintiffs is essential to assessing both Plaintiffs' claims and Defendants' defenses.

Nevertheless, in response to RFP No. 2, Defendants stated "NONE." Given Defendants' inconsistent statements in regard to this particular defense they have raised and are now claiming to have no documentation of, Plaintiffs

7

request the Court to compel Defendants to either produce the requested documents or to withdraw their assertion that they financially supported Plaintiffs.

**Plaintiffs' RFP No. 3:**  Plaintiffs assert as part of this case that they were employees of Defendants but not paid for their work, or not paid sufficiently for their work.  Plaintiffs' RFP No. 3 seeking all employment records of every person who performed services for Defendants' farming or leasing operations is not only relevant to Plaintiffs' claims, it is likely to lead to the discovery of admissible evidence.

In response to RFP No. 3 Defendants, however, state "Was Not Employed By Me At Anytime."  *See* Exhibit B.  Although this response is somewhat vague and ambiguous, to the extent Defendants are attempting to indicate that they have never employed anyone, Plaintiffs refer the Court to Defendants' Motion to Vacate [Doc. 26], which includes a statement by Defendant William Sackett that he has not had any employees "since [he] quit farming 1000 acres."  Defendant Sackett's statement suggests that Defendants did in fact have employees at one time. Additionally, in a 2011 Denver Post article, the paper states that Mr. Sackett worked a 205-acre farm. Jason Blevins, *Rocky Ford Bruised Over Cantaloupe Warning*, Denver Post, Sept. 16, 2011, *available at* http://www.denverpost.com/ci_18907469. It is improbable that Defendants have never engaged an employee. Given the inconsistent positions taken by Defendants and the relevance of this information to Plaintiffs' claims, Plaintiffs seek to compel Defendants to produce the documents requested in RFP No. 3.

**Plaintiffs' RFP Nos. 4–9 & 11:**  These RFPs seek documentation relating to Defendants financial status, property ownership and the income and expenses of Defendants farming and leasing operations.  Defendants' financial records are relevant to Plaintiffs' claim that Defendants failed to support Plaintiffs as required under their Affidavit of Support. Defendants were required to disclose all insurance agreements regarding their business pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Procedure, yet failed to produce any such insurance agreements.  Defendants' business contracts and financial records for the farming and leasing operations are relevant to Plaintiffs' claims that Defendants "loaned them out" to other employers and received compensation as a result. Similarly, Defendants business records and ownership of real property records are relevant to Plaintiffs' claims under the FLSA and the TVPA to the extent the employer provided certain items that are to be taken into account of whether Plaintiffs were paid the proper wage, such as housing and because Plaintiffs worked at multiple properties and fields owned by Defendants.

In response to each of these RFPs, Defendants did not produce any of the requested documents and instead responded by stating "Not at this time" or "No at this time you have not won yet."  Defendants did not include proper objections in their responses nor do they provide the requested information.  Since Defendants failed to sufficiently respond to RFPs Nos. 4 through 9 and 11 by providing incomplete responses, Defendants' responses must be treated as a failure to respond to requests submitted pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## IV.  CONCLUSION

Defendants have failed to sufficiently answer Plaintiffs' First Set of Interrogatories and Requests for Production of Documents Nos. 2 through 9 and 11.  As of the date of this filing and despite Plaintiffs' efforts to obtain the documents requested, Defendants have not provided anything that would be additionally responsive to Plaintiffs' discovery requests nor have Defendants asserted any further objections to the discovery sought.

Plaintiffs respectfully request that this Court compel Defendants to respond to the foregoing discovery requests of Plaintiffs as set forth in the attached proposed order.

Dated this 19th day of August 2015.

Respectfully submitted

s/ Lawson Konvalinka
Lawson Konvalinka
Jenifer Rodriguez
Caleb Stewart
Colorado Legal Services
Migrant Farm Worker Division
1905 Sherman Street, Suite 400
Denver, CO 80203
Tel. (303) 866-9366
Fax (303) 830-7860
lkonvalinka@colegalserv.org

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2015, I served a copy of this filing via US Mail to:

William Sackett
20370 HWY 50 E
Rocky Ford, CO 81067

Leonida Sackett
20370 HWY 50 E
Rocky Ford, CO 81067

<u>s/ Lawson Konvalinka</u>
Lawson Konvalinka