IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-03420-REB-NYW

ESMERALDO VILLANUEVA ECHON JR;
MARIBEL ECHON;
and JUSTIN ECHON

     Plaintiffs,

v.

WILLIAM SACKET and LEONIDA SACKETT

     Defendants.

---

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

---

**TO:** **Defendants William Sackett and Leonida Sackett, 20370 E Hwy 50 Rocky Ford, CO 81067**

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff requests that Defendants respond in writing within thirty (30) days from the date of service to the following requests for production of documents. Responses shall be provided within thirty days from the date of service by delivering them to counsel for Plaintiff, Lawson Konvalinka, Caleb Stewart, and Jenifer Rodriguez, Colorado Legal Services, 1905 Sherman Street, Suite 400, Denver, CO, 80203.

                                          Respectfully submitted,

                                          *s/ Lawson Konvalinka*
                                          Lawson Konvlainka
                                          Jenifer Rodriguez
                                          Caleb Stewart
                                          **Colorado Legal Services**
                                          1905 Sherman Street, Suite 400

Denver, CO 80203
Telephone: (303) 866-9366
FAX: (303) 830-7860
E-mail:   lkonvalinka@colegalserv.org

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's First Set of Requests for Production to Defendants was served on Defendants by U.S. Mail to the following address on this 9th day of June:

William Sackett and Leonida Sackett
20370 E Hwy 50
Rocky Ford, CO 81067

*s/ Lawson Konvalinka*
Lawson Konvalinka

## DEFINITIONS

1.  Unless otherwise indicated, "you" and "your" refers to the named Defendants in this lawsuit and any authorized representatives, including their attorneys, employees, agents, insurers, and authorized accountants.

2.  "Person" means the singular as well as the plural and includes any natural persons, partnerships, corporations, associations or other entities, and their agents and employees.

3.  "Identify" means:

(a) when used in reference to a natural person, to state his or her name and present or last known business address and home address and business and home telephone numbers, title or position and place of employment, and if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable; and

(b) when used in reference to a document, to state the date upon which the document was prepared or executed, a description of the document, the identity of the person who prepared and/or executed it, the number of pages, the title, the present location and the custody of the original thereof or if unknown, the present custodian of any copy thereof, and the manner and date of disposition of any document that was, but is no longer, in your possession or subject to your control.

4.  "Describe" when used in reference to communications, means to state the substance thereof, the identity of the person who made the communication and the person to whom it was made, and the persons who participated in such communication or were present at the time the same communication was made, the date and place thereof, whether the

communication was oral or in writing, and, if such communication has been reduced to writing, or otherwise recorded, to identify such document or recording.

5. As used herein, the phrases "relate to," "relates to," or the term "related to," shall mean directly or indirectly mentioning or describing, evidencing, containing, constituting, pertaining to, being connected with or reflecting upon a stated subject matter or person.

6. "Farm" refers to agricultural lands owned and leased by Defendants to operate the farming operation of Sackett Farms.

7. "Farming and leasing operation" refers to all business conducted by Defendants in and around Rocky Ford, Colorado including agricultural business, retail and market business, and property management/landlord business.

8. "Compensation" means any kind of remuneration made in the form of cash, check or some other negotiable instrument.

9. "Communication" means any oral, written or unwritten utterance, notation, transmittal of information, or statement of any nature including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, meetings, discussions, telephone conversations, representations, contacts, letters, e-mails, memoranda, reports, statements negotiations, recordings, and other understandings between or among two or more persons, in English or any other language.

10. "Worked for" or "employed by" means any type of labor or service performed by an individual, whether on a formal or informal basis, for Defendants' farming or leasing operation, regardless of whether that individual was paid for his/her labor.

4

## INSTRUCTIONS

1. You must either produce the requested documents as they are kept in the usual course of business or organize and label them to correspond with the categories in this request. Fed. R. Civ. P. 34(b).

2. In response to these Requests for Production of Documents you are to furnish such documents as are available to you and any to which you have access and any which are currently in your possession or that of any agent or employee, including, but not limited to, attorneys and accountants employed by you or on your behalf.

3. If any requested document was but is no longer in your custody or possession or subject to your control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been otherwise disposed of. In each such instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the name, telephone number, and address of the individual who last had custody or control over the requested document.

4. If any documents are withheld from production on the basis of a claim of privilege, exemption from discovery, or other objection, please furnish the following information for each such document:

   (a) description of the document (e.g. letter, deed, memorandum, computer data file etc.), including its title if it has any;

   (b) date(s) the document was generated or created;

   (c) name, address and telephone number of the author(s) of the document;

   (d) name, address and telephone number of any indicated recipient(s) of the document;

5

(e) name, address and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure;

(f) subject matter of the document;

(g) the name, address, telephone number and position of the person(s) who have custody or control over the document;

(h) basis for claiming privilege or exemption from discovery.

Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

5. In the event that the response to any document request is "not applicable" or any similar phrase or answer, explain in detail why that document request is not applicable. In the event that the response to any document request is "don't know," "unknown" or any similar phrase or answer, explain in detail all efforts made by the named party or his attorneys or representatives to obtain response to that document request.

6. All documents produced in response to an individual request shall be physically segregated from documents produced in response to any other requests, and the request to which they are responsive shall be specifically identified. If a document is responsive to more than one request, each of the requests to which the document is responsive shall be specified.

7. You have a duty to supplement your responses to these questions and requests with subsequent information in accordance with Fed. R. Civ. P. 26(e). Plaintiff requests that you supplement your responses.

6

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Please produce all documents which in any way reflect, discuss, mention, comment upon, summarize or otherwise refer to Plaintiffs and any time they worked for Defendants, including any personnel file maintained by Defendants and any of its agents. *None the Plaintiffs Did Not work for me was Not Employed By the Sackett famley*

**REQUEST FOR PRODUCTION NO. 2**

Please produce all documents, including, but not limited to, all financial records, including your personal bank records, reflecting any financial support or payments given to any of the Plaintiffs and Jeffrey Echon from 2011 to June 2014. *None*

**REQUEST FOR PRODUCTION NO. 3**

Please produce all wage and hour records and other payroll documents that you made or kept relating to any individual who worked for your farming or leasing operation, including even temporary or minor work. This includes, but is not limited to check stubs, canceled checks, wage statements, and any other document showing the basis on which wages were paid, the number of hours worked, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld and the net pay. Your answer should include, but not be limited, to the following individuals: William Sackett, Leonida Sackett, Laurel Echon, Isidro Ferro, and Julian [Last Name Unknown], Esmeraldo Echon, Maribel Echon, Justin Echon, and Jeffrey Echon from January 1, 2011 through the present. *Was Not Employed By me At Anytime*

7

**REQUEST FOR PRODUCTION NO. 4**

Please produce any and all documents evidencing your ownership of any real property. *No At this time you Have Not Won yet*

**REQUEST FOR PRODUCTION NO. 5**

Please produce any and all documents that identify liens or mortgages you have on any of your property. *Not At this time*

**REQUEST FOR PRODUCTION NO. 6**

Please produce all documents reflecting yearly income and business expenses of your farming and leasing operation from 2011 to present. *Not at this time*

**REQUEST FOR PRODUCTION NO. 7**

Please produce any tax records you prepared for or submitted to the IRS from 2011 to present. *Not At this time*

**REQUEST FOR PRODUCTION NO. 8**

Please produce all contracts made by you for your farming and leasing operation that were still active any time during 2011 to present. Your response should include, but not be limited to, all leases you have with tenants in your residential property, all leases made for agricultural or retail purposes, all contracts made with commercial buyers, any order forms

8

reflecting purchases by commercial buyers, and all contracts made with any construction company for whom you did work or who did work on your property for your farming and leasing operation. *Not At this time*

**REQUEST FOR PRODUCTION NO. 9**

Please produce all documents reflecting any insurance policy you currently have, or have had in the past, covering your property or related to your farming and leasing operation for the years from 2010 to present. *Not At this time*

**REQUEST FOR PRODUCTION NO. 10**

Please produce all documents you prepared or submitted to the U.S. Government to support Plaintiffs' applications for legal permanent residency. Your response should include, but not be limited to, the production of the Affidavit of Support Form I-864, which you concede you prepared and submitted. *I Do Not Have*

**REQUEST FOR PRODUCTION NO. 11**

Please produce all documents reflecting food and other expenses purchased for or expended on behalf of Plaintiffs while Plaintiffs were living in Rocky Ford. Your response should include, but not be limited to, itemized receipts or statements from your financial accounts. *Not At this time*

9

**REQUEST FOR PRODUCTION NO. 12**

Please produce all documents consulted or referred to in responding to Plaintiff's First Set of Interrogatories.

*No documents in this time Period*