## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03420-PAB-NYW

ESMERALDO VILLANUEVA ECHON, JR.,
MARIBEL ECHON, and
JUSTIN ECHON,

      Plaintiffs,

v.

WILLIAM SACKETT, and
LEONIDA SACKETT,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Nina Y. Wang

      This civil action comes before the court on Defendants William Sacket and Leonida Sackett's (collectively "Defendants") Motion to Vacate the Case [#26, filed August 13, 2015]. This matter was referred to the undersigned Magistrate Judge pursuant to the Amended Order Referring Case dated August 28, 2015 [#46].  The time for Plaintiffs to respond to the Motion to Vacate has expired, with no response filed by Plaintiff.  For the reasons stated below, I respectfully RECOMMEND that the Motion to Vacate be converted to a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) and DENIED.

## BACKGROUND

      Plaintiffs Esmeraldo Villanueva Echon, Jr., Maribel Echon, and Justin Echon (collectively, "Plaintiffs") initiated this action on December 18, 2014 by filing a Complaint asserting the following claims: (1) violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"); (2) violation of the Fair Labor Standards Act ("FLSA"); (3)

violation of the Colorado Minimum Wage of Workers; (4) violation of the Colorado Wage Claim Act; (5) Breach of Contract; (6) Breach of Contract—Third Party Beneficiary Claim; and (7) Unjust Enrichment.  [#1].  Plaintiffs allege that Defendants, who operate several businesses and manage a farm in Rocky Ford, Colorado, held them in "debt bondage, requiring them to work on their crops and in their market, clean and maintain their rental properties, and perform various other jobs from 2011–2014," without pay.  [#1 at ¶ 2].  Defendants, who are proceeding *pro se*, filed an Answer on March 18, 2015.  [#11].

This court held a Scheduling Conference on April 23, 2015, at which the undersigned ordered that the Parties complete discovery by October 22, 2015 and file dispositive motions by January 22, 2016.  [#16, #17].  This court later amended the Scheduling Order to extend the discovery completion date to January 22, 2016 and dispositive motion deadline to February 19, 2016.  [#27].  On August 13, 2015, Defendants filed the pending Motion to Vacate, representing that they financially supported Plaintiffs and that Plaintiffs have no proof that Defendants employed them.  [#26].

## ANALYSIS

A motion filed pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as applicable to a motion under Rule 12(b)(6).  *See Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004).  Thus, the court should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1228 (10th Cir. 2012) (internal quotation marks and citation omitted).  "Judgment on the pleadings should not be granted unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442

F.3d 1239, 1244 (10th Cir. 2006) (internal citation omitted).  In ruling on a motion for judgment on the pleadings, the Court may consider the Complaint, any material that is attached to the Complaint, and the Answer.  *See id.*  Only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).  In other words, the court should reasonably read the *pro se* litigant's pleadings to state "a valid claim on which the plaintiff could prevail…despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Id.* Notwithstanding this accommodation, the court's role is not to advocate for the *pro se* litigant. *Id.*

Defendants' four-page Motion to Vacate falls well short of addressing the 187 paragraphs of factual allegations spanning nineteen pages of the Complaint, or articulating a valid legal reason why the Complaint lacks merit.  Indeed, Defendants concede they have a relationship with Plaintiffs, and assert that Plaintiffs "have not received one pay roll check, not one time card was not asked for one thing."  [#26 at 3].  Defendants appear to argue they offered support to Plaintiffs in the form of sending their children to school, facilitating doctor and dentist appointments, and providing food, housing, and money.  [*Id.* at 2].  However, while Defendants argue that they have no employment record for Plaintiffs, it is unclear whether Defendants offered this financial support in exchange for Plaintiffs' labor for their businesses or farm.  [*See id.* at 4].  I find that Defendants have failed to demonstrate that no material issue of fact remains

to be resolved and that they are entitled to judgment as a matter of law.

Accordingly, I RECOMMEND that the Motion to Vacate [#26] be DENIED.[1]


DATED: September 4, 2015                    BY THE COURT:


                                            s/Nina Y. Wang
                                            United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).