**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03420-PAB-NYW

ESMERALDO VILLANUEVA ECHON, JR.,
MARIBEL ECHON, and
JUSTIN ECHON,

      Plaintiffs,

v.

WILLIAM SACKETT, and
LEONIDA SACKETT,

      Defendants.

_____

**ORDER**
_____

Magistrate Judge Nina Y. Wang

      This civil action comes before the court on Plaintiffs' Second Motion to Compel Discovery [#60], filed on December 4, 2015 by Plaintiffs Esmeraldo Villanueva Echon, Jr., Maribel Echon, and Justin Echon (collectively, "Plaintiffs" or the "Echons"). This motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Amended Order Referring Case dated August 28, 2015 [#46], and the memorandum dated December 4, 2015 [#61]. The time for Defendants to respond to Plaintiffs' Second Motion to Compel Discovery has passed, and no response has been filed. Accordingly, having reviewed Plaintiffs' Second Motion to Compel Discovery, the relevant case law, and the entire docket of this action, this court finds that oral argument would not materially assist in the disposition of Plaintiffs' Motion and hereby GRANTS IN PART and DENIES IN PART Plaintiffs' Second Motion to Compel for the following reasons.

## BACKGROUND

Plaintiffs initiated this action on December 18, 2014 by filing a Complaint asserting the following claims: (1) violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"); (2) violation of the Fair Labor Standards Act ("FLSA"); (3) violation of the Colorado Minimum Wage of Workers; (4) violation of the Colorado Wage Claim Act; (5) Breach of Contract; (6) Breach of Contract—Third Party Beneficiary Claim; and (7) Unjust Enrichment. [#1]. Plaintiffs allege that Defendants, who operate several businesses and manage a farm in Rocky Ford, Colorado, held them in "debt bondage, requiring them to work on their crops and in their market, clean and maintain their rental properties, and perform various other jobs from 2011–2014," without pay. [#1 at ¶ 2]. Defendants, who are proceeding *pro se*, filed an Answer on March 18, 2015. [#11].

This court held a Scheduling Conference on April 23, 2015, at which the undersigned ordered the Parties to complete discovery by October 22, 2015 and file dispositive motions by January 22, 2016. [#16, #17]. On August 8, 2015, Plaintiffs moved this court to amend the Scheduling Order due to a stated reluctance on the part of Defendants to comply with their obligations to respond to discovery under the Federal Rules of Civil Procedure. [#23]. After a telephonic status conference, this court amended the Scheduling Order to extend the discovery completion date to January 22, 2016 and dispositive motion deadline to February 19, 2016. [#27]. Defendants subsequently filed a letter with the court representing that they did not receive notice of the telephonic status conference until four hours after the telephone conference was to take place, and that the conference was set for a time when they were unable to participate. [#40].

On August 19, 2015, Plaintiffs filed their first Motion to Compel Discovery seeking an

order compelling Defendants to respond to their First Set of Interrogatories and Requests for Production Nos. 2 through 9, and 11. [#32]. In response, Defendants filed their interrogatory responses, but did not respond to the first Motion to Compel Discovery. [#50]. The court held a hearing on October 1, 2015, in which Mr. Sackett stated that although Defendants could afford counsel, they preferred to proceed *pro se.* This court explained to Defendants that although they were proceeding *pro se*, they were obligated to abide by the Federal Rules of Civil Procedure. In addition, this court explained that failing to respond to discovery appropriately could lead to sanctions. [#52]. Based on Defendants' stated concerns regarding disclosing their private information, the court ordered the Parties to meet and confer regarding a protective order, and to file a proposed protective order for the court's consideration no later than October 15, 2015. [*Id.*]. At the hearing, Defendants brought a number of responsive documents and produced them to Plaintiffs. [#60 at 7].

The following day, Plaintiffs filed a second Motion to Amend the Scheduling Order, seeking to extend the pretrial deadlines yet again to accommodate Defendants' forthcoming discovery responses. [#53]. This court granted that second Motion to Amend the Scheduling Order; the operative deadlines now include a discovery deadline of April 22, 2016, a dispositive motions deadline of May 20, 2016, and interim expert witness deadlines of February 15 and March 15, 2016. [#55]. The court had not yet set a Final Pretrial Conference date. [*Id.*].

Unfortunately, the Parties' pretrial difficulties did not cease. On October 15, 2015, Plaintiffs submitted a Status Report representing that Defendants had failed to participate in the negotiation of a proposed protective order. [#56]. After allowing two weeks for Defendants to respond, the court entered a Protective Order without input from Defendants. [#57]. On November 30, 2015, the court held an informal discovery conference regarding Defendants'

3

continued failure to comply with discovery in this case. [#59]. This court again reminded Defendants that their continued resistance towards responding to discovery would lead to sanctions, potentially including default judgment. [*Id.*]

On December 4, 2015, Plaintiffs filed the instant Second Motion to Compel Discovery. [#60]. In their Second Motion to Compel Discovery, Plaintiffs seek a second order compelling Defendants to respond to their First Set of Interrogatories. [*Id.* at 6-7]. Defendants further contend that Defendants have still failed to produce documents responsive to Request for Production Nos. 2-4, 6, 8, 10, and 11. [*Id.* at 7-10]. The time for Defendants to respond to the Second Motion to Compel Discovery has long passed, without a response.

## ANALYSIS

**I.   Applicable Law**

   **A.   Discovery Rules**

Rule 26(b)(1) of the Federal Rules[1] governs the scope of discovery in a civil action, and permits the discovery of any nonprivileged matter that is relevant to any party's claim or defense so long as it is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In assessing proportionality, the rule requires the court to consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*. This case presents several

---

[1] Pursuant to 28 U.S.C. § 2074(a) and the Order of the Supreme Court dated April 29, 2015, the amendment shall govern all civil cases commenced after December 1, 2015 and "insofar as just and practicable, all proceedings then pending."
*See* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.   Because this court concludes that these obligations were attendant on Parties before the amendments to the Rules, *see Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010), this court applies Rule 34, as effective December 1.

issues that the court will account for in its consideration of proportionality, including the fact that Defendants are unrepresented; the Parties in this case are related and such relationship has caused complications regarding the progress of this litigation; and the allegations as set forth in the Complaint raise serious issues of human trafficking and violations of labor and wage laws.

A party receiving discovery has obligations under the Federal Rules. A party responding to interrogatories must serve its answers and any objections within 30 days after being served with the interrogatories. Fed. R. Civ. P. 33(b)(2). To the extent that it is not objected to, each interrogatory must be answered separately and under oath. Fed. R. Civ. P. 33(b)(3). In addition, the grounds for objecting to interrogatories must be stated with specificity, and a responding party has the obligation to explain and support its objections. *Cartel Asset Mgmt v. Ocwen Financial Corp.*, No. 01-cv-01644, 2010 WL 502721, *10 (D. Colo. Feb. 10, 2010).

Similarly, a party must respond to requests for production of documents within 30 days after being served. Fed. R. Civ. P. 34(b)(2)(A). For each item or category, the response must either state that inspection or production will be made, or set forth with specificity a ground for objection. Fed. R. Civ. P. 34(b)(2)(B). If a party contemplates production of documents, then the production must be made no later than a reasonable time set forth in the response. *Id.* If a party objects, the party must state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C). The Advisory Committee's Notes are clear: an objection may state that a request is overbroad but the objection must also state if some portion of the request is not overbroad, and the party should respond to the portion that is not objectionable. Fed. R. Civ. P. 34(b)(2)(B) Advisory Committee's note to 2015 amendment.

### B.    *Pro Se* Obligations

During the Motion Hearing on October 1, 2015, Defendants informed the court that while they had the resources to retain counsel, they wished to proceed *pro se*. It is well-settled that filings by *pro se* parties are interpreted liberally by the court. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a party's *pro se* status does not exempt her from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). In addition, the court plays a neutral role in the litigation process, and cannot assume the role of an advocate for the *pro se* party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

## II.    Interrogatories

Based on the record before the court, there is no dispute that Defendants have failed to respond to any Interrogatories propounded by Plaintiffs. By the court docket, this is the fourth time the court has advised Defendants that they are required to adhere to the same Rules of Procedure that bind represented parties, *see* [#39, #52, #59], and the third time that the court has ordered Defendants to respond to the propounded discovery. *See* [#52, #59]. Each time, Defendants advise the court that they will undertake further responses, but to date, there is nothing in the record to suggest that such responses have been made or are reasonably forthcoming. While this court is sympathetic to challenges facing *pro se* parties, I decline to excuse Defendants from the expectation that they comply with their discovery obligations under the Federal Rules of Civil Procedure, and any further extensions are simply unacceptable in light of the already-protracted nature of the pretrial process.

As previously discussed by this court in the various discovery hearings, certain

Interrogatories as written are overly broad and fail to comply with Rule 26(b)(1). Interrogatory No. 1 seeks the identification of every individual, and their respective social security number and date of birth since January 1, 2011 to the present. As previously directed by the court, Defendants are directed to respond to Interrogatory No. 1 without providing the social security number or date of birth of the individuals. In addition, Defendants are reminded that they are required to respond with information that is within their possession, custody and control, based on a reasonable inquiry. Fed. R. Civ. P. 26(g). Similarly, Interrogatory No. 6, which seeks the identity of all people, including any employee or co-worker, with whom Defendants have had conversations about Plaintiffs, is too broad on its face. The Interrogatory has no time limitations, Plaintiffs and Defendants are related, and Plaintiffs have failed to establish that the Interrogatory as written is tailored and proportional to the issues relevant to this case. In addition, this court declines to redraft Plaintiffs' Interrogatory No. 6, and therefore, strikes it with leave to propound an appropriate, more narrowly tailored Interrogatory. The remainder of the Interrogatories (including Interrogatory No. 1 as narrowed) require a response by Defendants, verified as true as required by Rule 33,[2] no later than February 9, 2016. **Defendants are specifically advised that failure to appropriately respond to the Interrogatories as limited by this Order will lead to sanctions pursuant to Federal Rules of Civil Procedure, including but not limited to attorney's fees, and may lead this court to recommend the entry of default against Defendants.**

III. **Requests for Production**

Plaintiffs concede that some responsive documents have been produced by Defendants but argue that Defendants' production is deficient with respect to Requests for Production No. 2-4, 6,

---

[2] The form of verification executed by Ms. Sackett at [#60-3 at 1] is sufficient for the purposes of the Rule.

8, 10, and 11. In interpreting Defendants' papers liberally, this court construes Defendants' statements filed at [#60-2; #50] as Defendants' objections and responses to Plaintiffs' Requests for Production. As explained to the Parties during the various discovery conferences, this court cannot compel Defendants to produce what they do not have; however, according to Rule 34, Defendants must clearly state if any responsive documents are being withheld based on their objections to the Requests for Production. Fed. R. Civ. P. 34(b)(2)(C). In addition, to the extent that Defendants intend to argue that they financially supported Plaintiffs as part of their defenses, *see* [#26], Defendants must produce all documents in their possession, custody or control that reflect such financial support. Finally, Defendants' concerns regarding privacy of their personal information and finances are addressed by the Protective Order that the court entered on November 3, 2015. *See* [#57]. Defendants are ordered to supplement their responses to Requests for Production No. 2-4, 6, 8, 10, and 11 no later than February 9, 2016, by producing responsive documents (pursuant to the Protective Order, if appropriate) and by clarifying whether they are currently withholding any documents based on their objections. **Defendants are specifically advised that failure to appropriately respond to the Requests for Production will lead to sanctions pursuant to Federal Rules of Civil Procedure, including but not limited to attorney's fees, and may lead this court to recommend the entry of default against Defendants.**

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiffs' Second Motion to Compel Discovery [#60] is **GRANTED IN PART and DENIED IN PART**;

(2) Consistent with the direction of this Order, Defendants must serve discovery

8

responses to Interrogatories 1 (as limited) - 5, 7-16, and supplemental responses, including production of responsive documents, to Requests for Production No. 2-4, 6, 8, 10, and 11on Plaintiffs no later than **February 9, 2016**; and

(3) No further extensions to the deadline for Defendants to respond to these discovery requests will be permitted.

DATED: January 27, 2016                    BY THE COURT:


                                                         s/Nina Y. Wang
                                                         United States Magistrate Judge