IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03420-PAB-NYW

ESMERALDO VILLANUEVA ECHON, JR.,
MARIBEL ECHON, and
JUSTIN ECHON,

      Plaintiffs,

v.

WILLIAM SACKETT and
LEONIDA SACKETT,

      Defendants.

# ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 48] filed on September 4, 2015. The magistrate judge recommends that the Court construe defendants' Motion to Vacate the Case [Docket No. 26] as a motion for judgment on the pleadings and that the motion be denied. The Recommendation states that objections to the Recommendation must be filed within fourteen days after service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on September 4, 2015. Docket No. 48. Defendants' objection was filed September 22, 2015. Docket No. 51. Although objections were due September 21, 2015, in the interest of justice, the Court will consider defendants' objections timely.

The Court will "determine de novo any part of the magistrate judge's disposition

that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of defendants' pro se status, the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

This case involves allegations that defendants, who operate several businesses and manage a farm in Rocky Ford, Colorado, held plaintiffs in debt bondage from 2011 to 2014, requiring plaintiffs to perform work for defendants for which plaintiffs Esmeraldo and Maribel Echon were not paid and for which plaintiff Justin Echon received a small stipend that was "far less than minimum wage." Docket No. 1 at 1, ¶ 2. Plaintiffs assert claims for violation of the Trafficking Victims Protection Reauthorization Act, violation of the Fair Labor Standards Act, failure to pay Colorado minimum wage, violation of the Colorado Wage Claim Act, breach of contract, and unjust enrichment. *See generally* Docket No. 1. Additional relevant facts are set forth in detail in the Recommendation, *see* Docket No. 48 at 1-2, and will not be recited here.

**I. ANALYSIS**

The Court reviews a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) much as it would a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Park Univ. Enters. v. Am. Casualty Co. of Reading, PA,* 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013)) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.").  Accordingly, the Court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same."  *Id*.  "Judgment on the pleadings is appropriate only when 'the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quoting *Park Univ.*, 442 F.3d at 1244).

Defendants' motion to vacate is a four-page outline of why defendants do not believe plaintiffs are entitled to relief.[1]  Defendants state that they provided support to plaintiffs in the Philippines, sent plaintiffs' kids to school, paid plaintiffs' medical bills, food, and living expenses, "gave them some money," and spent thousands of dollars supporting plaintiffs.  *See generally* Docket No. 26.  Defendants state that plaintiffs

---

[1] The motion to vacate and defendants' objections are both written from the perspective of a single defendant, *see* Docket No. 26 at 2, ¶ 3 ("I sent support to [plaintiffs] in the Philip[pines] . . . ."); Docket No. 51 at 2, ¶ 1 ("I paid my share plus more and also supported [plaintiffs]").  The motion and objections are signed by both defendants, however.  Docket No. 26 at 4; Docket No. 51 at 7.  The Court will use the plural tense in referring to these filings.

have no proof of an employment relationship with defendants, *id.* at 2-3, ¶¶ 1, 6, and seek dismissal of the case.

The Recommendation found that defendants' motion concedes that they have a relationship with plaintiffs and provided plaintiffs support in the form of "sending their children to school, facilitating doctor and dentist appointments, and providing food, housing, and money," but that it was "unclear whether Defendants offered this financial support in exchange for Plaintiffs' labor for their businesses or farm." Docket No. 48 at 3. The Recommendation concluded that defendants failed to demonstrate that no material issue of fact remains in this case or that defendants are entitled to judgment as a matter of law. *Id.* at 3-4.

Defendants' objection, like their motion, outlines the financial support that defendants provided to plaintiffs and states defendants' position that they have not mistreated plaintiffs or committed any wrongdoing. *See generally* Docket No. 51. Defendants point to no deficiency in the magistrate judge's reasoning, do not argue that it was inappropriate for the magistrate judge to construe their motion as a motion for judgment on the pleadings, and do not argue that the complaint fails to state a claim upon which relief may be granted. Defendants' objection is, therefore, not specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *2121 East 30th Street*, 73 F.3d at 1059. In the absence of a proper objection, the Court has reviewed the Recommendation and plaintiffs' complaint and is satisfied that there is "no clear error on the face of the

record."[2]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## II. CONCLUSION

For the foregoing reasons, it is

    **ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 48] is **ACCEPTED**.  It is further

    **ORDERED** that defendants William Sackett and Leonida Sackett's Motion to Vacate the Case [Docket No. 26] is construed as a motion for judgment on the pleadings and is **DENIED**.

    DATED March 14, 2016.

                                BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).