## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03420-PAB-NYW

ESMERALDO VILLANUEVA ECHON, JR.,
MARIBEL ECHON, and
JUSTIN ECHON,

      Plaintiffs,

v.

WILLIAM SACKETT, and
LEONIDA SACKETT,

      Defendants.

_____

## DISCOVERY ORDER
_____

Magistrate Judge Nina Y. Wang

      This civil action comes before the court on Plaintiffs' Third Motion to Compel Discovery and Sanctions [#64], filed on February 23, 2016, by Plaintiffs Esmeraldo Villanueva Echon, Jr., Maribel Echon, and Justin Echon (collectively, "Plaintiffs" or "the Echons"). This motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Amended Order Referring Case dated August 28, 2015 [#46], and the memorandum dated February 24, 2016 [#66]. On March 7, 2016, Defendants William J. Sackett and Leonida Sackett ("Defendants" or "the Sacketts") filed a response docketed as a letter [#68], indicating that they had provided all the information as requested by Plaintiffs, except for the immigration information because "[i]t will cause great damage to Jeffery's two sons that want to come to the United States." [*Id.* at 1]. On that same date, Defendants filed a document entitled "To Withdraw Offer," which indicates that he paid the mortgage on John Echon's home and land. [#67]. The following day, Defendants filed a document entitled "Request for Production," which appears to

be their responses to written discovery. [#69]. On May 10, Defendants filed a document entitled "Question #8 on Discovery," presumably responding to Interrogatory No. 8, which inquires about the financial support provided to Plaintiffs or Jeffrey Echon, a nonparty to this action. [#70]. Because of Defendants' *pro se* status, this court construes Defendants' multiple filings on March 7-10 [#67, #68, #69, #70], as a multi-part response to Plaintiffs' Motion to Compel. Plaintiffs have not filed a Reply, and this court finds that oral argument would not materially assist in the disposition of Plaintiffs' Third Motion to Compel.

## BACKGROUND

Plaintiffs initiated this action on December 18, 2014 by filing a Complaint asserting the following claims: (1) violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"); (2) violation of the Fair Labor Standards Act ("FLSA"); (3) violation of the Colorado Minimum Wage of Workers; (4) violation of the Colorado Wage Claim Act; (5) Breach of Contract; (6) Breach of Contract—Third Party Beneficiary Claim; and (7) Unjust Enrichment. [#1]. Plaintiffs allege that Defendants, who operate several businesses and manage a farm in Rocky Ford, Colorado, held them in "debt bondage, requiring them to work on their crops and in their market, clean and maintain their rental properties, and perform various other jobs from 2011–2014," without pay. [#1 at ¶ 2]. Defendants, who are proceeding *pro se*, filed an Answer on March 18, 2015. [#11]. After the entry of the Scheduling Order in this case on April 23, 2015, the Parties proceeded with discovery.

The discovery process, which has now lasted an entire year, has been arduous. This court has held multiple informal and formal conferences to address Defendants' discovery responses, and has ruled on two Motions to Compel. *See* [#52, #62]. Most recently, this court ordered Defendants to respond to Interrogatories 1 (as limited) - 5, 7-16, and Requests for Production Nos.

2-4, 6, 8, 10, and 11.  *See* [#62].

## ANALYSIS

### I.      Applicable Law

#### A.      Rule 37(a) & Rule 37(b)

Rule 37(a) provides that a party may move for an order compelling disclosure or discovery after the party has conferred or made a good faith effort to confer with the non-disclosing party.  Fed. R. Civ. P. 37(a).  This Rule applies where a party has not disclosed any information, or has disclosed evasive or incomplete answers.  *Id.*

#### B.      Rule 37(b)

Plaintiffs also move for sanctions as the court deems appropriate pursuant to Rule 37(b). Rule 37(b)(2) provides that a court may sanction a party for failing to obey a court order to provide or permit discovery, which may include both monetary and non-monetary penalties.  Fed. R. Civ. P. 37(b)(2).  The Rule further provides that instead of, or in addition to, other sanctions delineated, the court may order "the disobedient party … pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

### II.     Interrogatories

This court's prior Order compelled Plaintiffs to respond to Interrogatories 1 (as limited) - 5, 7-16.  [#62].  Plaintiffs assert that "Defendants continued to provide no response to Plaintiffs' Interrogatories."  [#64 at 5].  In their letter filed on March 7, 2016, Defendants indicate that both have been deposed, and that they "think that is enough questions."  [#68].  There is no indication that Defendants have responded to the interrogatories to date.

While this court is cognizant that Defendants perceive Plaintiffs' interrogatory requests as

invasive and that Defendants are proceeding *pro se*, discovery plays an important role in the United States' adversarial system, and allows parties to develop the facts surrounding a matter in a "quest for truth." *See Fed. Deposit Ins. Corp. v. Daily*, 973 F.2d 1525, 1529-30 (10th Cir.1991). Nothing in the record before the court excuses Defendants from responding to properly propounded interrogatories. In considering the prior motions to compel and during informal discovery conferences, this court evaluated the propounded interrogatories and limited them how it deemed necessary. [#62]. The remaining requests appear to be reasonable, and Defendants have articulated no burden in responding to them, other than the fact that they have also had to sit for depositions.

It is long standing and well-settled that methods of discovery are complementary, rather than alternative or exclusive. *See Gonzales v. City of Albuquerque,* No. CIV 09-0520 JB/RLP, 2010 WL 553308, at *8 (D.N.M. Feb. 9, 2010); *Stonybrook Tenants Ass'n, Inc. v. Alpert,* 29 F.R.D. 165, 167 (D. Conn. 1961). A party may take both depositions and interrogatories, in any sequence. Fed. R. Civ. P. 26(d)(3). The burden is on the objecting party to show that a hardship or injustice will be caused by the use of successive methods of discovery. Here, Defendants have made no such showing, and the court cannot independently discern any from the record before it.

This court specifically advised Defendants that failure to appropriately respond to the Interrogatories as limited by the court's Order would lead to sanctions, including but not limited to attorney's fees. *See* [#62 at 8]. Plaintiffs' counsel then advised Defendants of the court's Order again, by correspondence dated February 11, 2016, prior to the filing of this instant Third Motion to Compel. Notwithstanding the foregoing, Defendants have continued to refuse to respond to the outstanding Interrogatories, despite the court's continued warnings and Defendants' repeated assurances to the court that they would comply with the discovery requests.

4

Accordingly, this court is left no choice but to sanction Defendants for their unjustified refusal to respond to the pending Interrogatories. However, Plaintiffs have failed to identify or argue what sanctions are appropriate in these circumstances, and beyond the reasonable expenses associated with this instant Third Motion to Compel, including attorney's fees, as contemplated by Rule 37(b)(2)(C), this court is disinclined to make Plaintiffs' arguments for them.

## III.    Requests for Production

Plaintiffs concede that some responsive documents have been produced by Defendants but continue to argue that Defendants' production is deficient with respect to Requests for Production No. 2-4, 6, 8, 10, and 11. With respect to these Requests, except for Request for Production No. 10, Plaintiffs argue that Defendants have not produced any responsive documents at all, *see, e.g.*, [#64 at 8 (Request for Production No. 2)], or they have not produced sufficient responses to ascertain the information that Plaintiffs seek, *see, e.g.*, [#64 at 9 (Request for Production No. 6)]. In response, Defendants contend that they have "sent it all," [#69 at 4], and that certain responsive information "burned in fire." [#69 at 5]. As this court has previously held, it cannot compel documents that Defendants insist do not exist. *See Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2013 WL 1751850, at *3 (D. Colo. Apr. 23, 2013). There is no indication in the record that the requested documents do exist, and to the extent they exist but are not properly disclosed through discovery, Defendants will likely be precluded from using them to support their defenses. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

The one document request that merits further discussion is Request for Production No. 10, which seeks documents prepared or submitted to the United States Government to support Plaintiffs' applications for legal permanent residency, including Form I-864, Affidavit of Support filed with the United States Citizenship and Immigration Services ("USCIS"). [#64 at

10; #64-1 at 9].  In their Responses to the Requests for Production, Defendants state that they do not have Form I-864.  [#69 at 5].  Plaintiffs argue that Defendants refuse to execute a fully prepared Freedom of Information Act ("FOIA") release, and, to the extent Plaintiffs would seek the information directly, the relevant information would be redacted.  [#64 at 10].  Although not expressly articulated, Plaintiffs appear to request the court to compel Defendants to execute the FOIA release.

Rule 34 requires a party to produce documents over which they have "possession, custody, or control."  *See* Fed. R. Civ. P. 34(a).  Defendants have asserted that they do not have any responsive documents within their possession or custody; the remaining issue is whether Defendants may be compelled to execute a release, presumably based on the documents at issue being under their "control."  Rule 34 does not expressly authorize a court to order a party to sign a release concerning any kind of record.  *EEOC v. Thorman & Wright Corp.*, 243 F.R.D. 426, 428 (D. Kan. 2007); *Bouchard v. Whetstone*, No. 09-CV-01884-REB-BNB, 2010 WL 1435484, at *1 (D. Colo. Apr. 9, 2010).  And, "even courts that compel authorizations from the plaintiff typically require the defendant first to seek the documents directly from the third party who has custody of the documents."  *Miller v. Kastelic*, No. CIV.A. 12-CV-02677, 2013 WL 4431102, at *2 (D. Colo. Aug. 16, 2013).

There is no evidence before the court that Plaintiffs have requested the immigration documents from USCIS through FOIA or through a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure, or that any disclosure by USCIS would necessarily reflect redactions.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)    Plaintiffs' Third Motion to Compel Discovery [#64] is **GRANTED IN PART and**

**DENIED IN PART**;

     (2)     The Motion is **GRANTED** as to the Interrogatory Responses and Defendants are **COMPELLED** to respond to the outstanding interrogatories fully, in narrative form, no later than **May 16, 2016** and Defendants **MUST PAY** the portion (but in any case, no more than fifty percent (50%)) of the reasonable expenses associated with this instant Motion to Compel attributable to the deficient interrogatory responses, to be determined by a forthcoming motion for reasonable expenses to be filed by Plaintiffs no later than **May 16, 2016**;

     (3)     The Motion is **DENIED** as to the Requests for Production.

DATED: May 2, 2016          BY THE COURT:

                                       s/Nina Y. Wang
                                       United States Magistrate Judge