IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03420-PAB-NYW

ESMERALDO VILLANUEVA ECHON, JR.,
MARIBEL ECHON, and
JUSTIN ECHON,

    Plaintiffs,

v.

WILLIAM SACKETT and
LEONIDA SACKETT,

    Defendants.
_____

# ORDER
_____

    This matter is before the Court on defendants' Answer to Plaintiffs Response to Defendants Proposal to Remove Witnesses [Docket No. 137]. The Court construes this filing as a Federal Rule of Civil Procedure 72 objection to the magistrate judge's order denying defendants' Proposal to Remove Witnesses [Docket No. 134].

    The background facts in this case are summarized in the magistrate judge's order and will not be repeated here. On October 10, 2017, defendants filed a motion styled as a "Proposal to Remove Witnesses." Docket No. 124. As construed by the magistrate judge, the motion requests that the Court exclude four fact witnesses – Albert Hall, Phylis Adkins, Angela Martinez, and Peggy Bellar – on grounds that what Mr. Hall and Ms. Adkins know about the case is hearsay and that Mr. Hall, Ms. Martinez, and Ms. Bellar illegally trespassed on defendants' property. *Id.* at 1-2; *see*

*also* Docket No. 134 at 1, 4 (construing filing as a motion to exclude/motion *in limine*). On October 30, 2017, Magistrate Judge Nina Y. Wang issued a recommendation and order denying the motion on the basis that defendants failed to substantiate their assertions that the proffered testimony is hearsay and that Ms. Martinez and Ms. Bellar trespassed on defendants' property. *See* Docket No. 134 at 5.[1] The order further cites this Court's practice standard discouraging motions *in limine* "when the motion cannot be resolved until evidence is presented at trial," Practice Standard (Civil Cases), Judge Philip A. Brimmer § III.E, and suggests that defendants' motion cannot be addressed until the Court has a clearer sense of how the challenged witnesses will testify. *See* Docket No. 134 at 5. On November 1, 2017, defendants filed a response to plaintiffs' Response to Defendants' Proposal to Remove Witnesses [Docket No. 129]. Docket No. 137. Given the timing of the filing, as well as defendants' pro se status, the Court construes defendants' response as a Rule 72 objection to the magistrate judge's October 30, 2017 order.

When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left

---

[1]The order is styled as a "Recommendation and Order" because the magistrate judge was also considering defendants' Motion to Dismiss Witnesses [Docket No. 132], which she construed in the alternative as a motion for judgment on the pleadings. *See* Docket No. 134 at 1. Although the magistrate judge recommended that the Court deny that motion, *see id.* at 7, defendants have not filed an objection to that portion of the Recommendation and Order.

with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Defendants' Rule 72 objection largely repeats arguments already considered and rejected by the magistrate judge. Specifically, defendants contend that Mr. Hall's testimony would be hearsay and that plaintiffs' witnesses trespassed on defendants' property. *See* Docket No. 137 at 2. But, as the magistrate judge found, defendants have not provided any factual support for these assertions. *See* Docket No. 134 at 5. Moreover, because defendants offer no basis for the Court to determine how plaintiffs' witnesses will testify, the Court agrees with the magistrate judge that it would be inappropriate to resolve defendants' hearsay objections prior to trial. *See* Practice Standard (Civil Cases), Judge Philip A. Brimmer § III.E. The magistrate judge's denial of defendants' motion on these grounds was thus not clearly erroneous or contrary to law.

To the extent defendants' objection raises new arguments not presented to the magistrate judge, the Court declines to consider them. *See United States v. Ledford*, No. 07-cv-01568-WYD-KMT, 2010 WL 749843, at *8 (D. Colo. Mar. 3, 2010) ("[A]rguments not provided to the attention of the magistrate judge will not be considered in connection with review of nondispositive motions." (citing *Claytor v. Comput. Assocs. Int'l, Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003)); *City of Wichita v. Aero Holdings Inc.*, 192 F.R.D. 300, 302 (D. Kan. 2000) (noting that court's review of objection to magistrate judge's order on non-dispositive motion "is not a de novo review

permitting a second shot . . . based on new arguments").

For the foregoing reasons, it is

**ORDERED** that defendants' Answer to Plaintiffs Response to Defendants Proposal to Remove Witnesses [Docket No. 137], which the Court construes as a Rule 72 objection to the magistrate judge's October 30, 2017 Recommendation and Order [Docket No. 134], is **OVERRULED**.

DATED January 11, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge