## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-03420-PAB-NYW


ESMERALDO VILLANUEVA ECHON JR.;
MARIBEL ECHON;
and JUSTIN ECHON,

        Plaintiffs,

v.

WILLIAM SACKETT, and LEONIDA SACKETT,

        Defendants.

---

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

---

Pursuant to this Court's Order Setting Case for Trial - Civil, ECF No. 123, Plaintiffs Esmeraldo Villanueva Echon Jr., Maribel Echon and Justin Echon, through undersigned counsel, hereby submit these proposed jury instructions.


Date: <u>January 12, 2018</u>

            *s/ Jenifer Rodriguez*
           Jenifer Rodriguez
           Matthew R. Baca
           Colorado Legal Services
           1905 Sherman Street, Suite 400
           Denver, CO 80203
           Phone: (303) 866-9366
           Fax: (303) 863-8589
           jrodriguez@colegalserv.org
           mbaca@colegalserv.org

           *Attorneys for Plaintiffs*

**Plaintiffs' Jury Instruction No. 1**


Ladies and Gentlemen of the Jury:

Now that you have heard the evidence of the parties, it becomes my duty to give you the instructions as to the law applicable to this case.  It is your duty as jurors to follow the law as I will state it to you and to apply the law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel may quite properly refer to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are, of course, to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is.  It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, bias, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Statements and arguments of counsel are not evidence in the case.  Similarly, statements of the *pro se* Defendants are not evidence in this case except when the Defendants are on the witness stand under oath.  The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence,

regardless of who may have produced them.  Certain exhibits have been referred to in this case as "stipulated."  This only means that the parties have agreed that an exhibit may be admitted as evidence in this case.  The Court has taken judicial notice of certain facts or events.  The jury must accept a judicially noticed fact or event as proved.

Any evidence as to which an objection was sustained by the Court must be disregarded entirely.

You are to consider only the evidence in the case.  However, in your consideration of the evidence, you are not limited to just the statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

Sometimes evidence may be admitted only for a particular purpose and not generally for all purposes.  For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.

You will have to make your decision based upon what you recall of the evidence.  You will not have a written transcript to consult and it is difficult and time consuming for the reporter to read back lengthy testimony.  You may use the notes you have taken during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**Source:**  Court's Concluding Jury Instructions at 2-3, Instruction No. 1, *White v. Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251 and Court's Concluding Jury Instructions at 2-3, Instruction No. 1, *Heinrich v. Master Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No. 304. *See also,* §103, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.).

**Plaintiffs' Jury Instruction No. 2**

In your deliberations, your duty is to apply my instructions of law to the evidence you have seen and heard in the courtroom.  You are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books or materials, or the internet, such as looking information up on Google, in connection with your jury service.  You are not allowed to do any research of any kind about this case.

Do not use any information from any other source concerning the facts or law applicable to this case other than the evidence presented and the instructions that I give you.  You are not allowed to visit any place mentioned in the evidence.  Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded entirely.

**Source:**  Court's Concluding Jury Instructions at 4, Instruction No. 2, *White v. Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251 and Court's Concluding Jury Instructions at 4, Instruction No. 2, *Heinrich v. Master Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No. 304. *See also,* §103:04, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.).

**Plaintiffs' Jury Instruction No. 3**

Plaintiffs have the burden of proving their case by a preponderance of the evidence.  If any of the plaintiffs fail to establish any essential element of their claims by a preponderance of the evidence, you should find for defendant in regard to that plaintiff.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in this case means such evidence, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

"Burden of proof" means the obligation a party has to prove a claim by a preponderance of the evidence.  The party with the burden of proof can use evidence produced by any party to persuade you.  If a party fails to meet its burden of proof as to any claim or defense, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim.

**Source:**  Court's Concluding Jury Instructions at 5, Instruction No. 3, *White v. Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251 and Court's Concluding Jury Instructions at 5, Instruction No. 3, *Heinrich v. Master Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No. 304. *See also,* § 104:01, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.).

**Plaintiffs' Jury Instruction No. 4**

There are two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence – such as the testimony of an eyewitness or ear witness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Source:**  Court's Concluding Jury Instructions at 6, Instruction No. 4, *White v. Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251. *See also,* Court's Concluding Jury Instructions at 6, Instruction No. 4, *Heinrich v. Master Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No. 304. *See also,* § 104:05, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.) referencing Model Civil Jury Instructions for the District Courts of the Third Circuit, Instruction 1.6 (2010).

**Plaintiffs' Jury Instruction No. 5**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.

**Source:**  Court's Concluding Jury Instructions at 5, Instruction No. 5, *White v. Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251. *See also,* Court's Concluding Jury Instructions at 7, Instruction No. 5, *Heinrich v. Master Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No. 304. *See also,* §105:01, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.) referencing Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.11 (2007) (modified).

**Plaintiffs' Jury Instruction No. 6**

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony.  You may accept it or reject it, in whole or in part.  You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

**Source:**  Court's Concluding Jury Instructions at 8, Instruction No. 6, *White v. Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251. *See also,* Court's Concluding Jury Instructions at 10, Instruction No. 8, *Heinrich v. Master Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No. 304. *See also*, § 104:40, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.) referencing Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 2.11 (2007).

**Plaintiffs' Jury Instruction No. 7**


The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.


**Source:**  Court's Concluding Jury Instructions at 9, Instruction No. 7, *White v. Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251. *See also,* Court's Concluding Jury Instructions at 11, Instruction No. 9, *Heinrich v. Master Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No. 304. *See also*, §105:11, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.).

**Plaintiffs' Jury Instruction No. 8**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is consistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or other innocent reason.

**Source:**  Court's Concluding Jury Instructions at 10, Instruction No. 8, *White v. Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251. *See also,* Court's Concluding Jury Instructions at 12, Instruction No. 10, *Heinrich v. Master Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No. 304. *See also*, § 105:04, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.).

**Plaintiffs' Jury Instruction No. 9**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters.  It is important that all jurors consider the same evidence.  So even if some of you know Ilocano, Tagalog or any other language spoke during this trial, you must accept the English interpretation provided and disregard any different meaning.

**Source:**  Eleventh Circuit Civil Pattern Jury Instructions (2013), § 1.3 (modified).

**Plaintiffs' Jury Instruction No. 10**

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount.  You should use your best judgment based on the evidence.

**Source:**  CJI-Civ. 5:6 (CLE ed. 2016).

**Plaintiffs' Jury Instruction No. 11**

Plaintiffs have sued for the same losses in different claims for relief.  If you find for plaintiffs on more than one claim for relief, plaintiffs may recover only once for any damages each of them has suffered.

In answering the questions posed in the Verdict Form, you may award damages in the specified categories of damages on more than one claim.  The court will ensure that damages in any specified category are awarded to plaintiffs only once.

**Source:**  Court's Concluding Jury Instructions at 41, Instruction No. 32, *Hayes v. Skywest Airlines, Inc.*, Case No. 15-cv-02015-REB-NYW (D. Colo. Sept. 25, 2017), ECF No. 145.

**Plaintiffs' Jury Instruction No. 12**

The Court will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law, as you are now instructed, to the facts as you find them to be.

The Plaintiffs in this action claim to be entitled to damages from the Defendants. The parties to this case are: Plaintiffs, Esmeraldo Villanueva Echon Jr. (also known as "Junior"), Maribel Echon and Justin Echon; and Defendants, William Sackett and Leonida Sackett.

The Plaintiffs claim that Defendants William and Leonida Sackett acted as employers of Plaintiffs and therefore owe Plaintiffs wages for their work. The Plaintiffs claim that they worked numerous hours for Defendants for which they were not paid. Plaintiffs claim to have all worked on Defendants' farm, at Defendants' market, on Defendants' rental properties, and at Defendants' home. Although Plaintiff Maribel Echon also cared for her elderly in laws, she is not seeking wages for the time she spent caring for them.

Plaintiff Junior Echon and Justin Echon also bring a claim of forced labor against Defendants. Plaintiffs claim that Defendants forced them to work under unlawful conditions, without pay and without adequate access to food, by threats of deportation and a scheme intended to cause the Plaintiffs to belief they would suffer serious harm if they left Defendants' property and employment.

Plaintiffs' final claim is that Defendants were unjustly enriched by failing to pay Plaintiffs wages for their labor, while Defendants retained the benefits of Plaintiffs' labor.

Defendants deny Plaintiffs' claims and dispute the material facts asserted by Plaintiffs.

**Plaintiffs' Jury Instruction No. 13**

There are a number of facts that have been stipulated, admitted and/or established as true in this case.  This makes the presentation of any evidence to prove any of the listed facts unnecessary.  You must therefore accept the listed facts as true.

1. Defendants own and operate a farm and retail produce market known as "Sackett's Farm Market," and own several residential rental properties in Rocky Ford, CO.

2. Defendants earned more than 50 percent of their annual dollar volume of business from sales to the public transacted through their market.

3. Defendants are in charge of the day to day operation of their businesses, including supervision of the work.

4. Defendant Leonida Sackett is a U.S. Citizen.

5. Junior is Mrs. Sackett's brother, and Plaintiff Maribel Echon is married to Junior Echon. Mrs. Sackett petitioned the U.S. Citizen and Immigration Services (USCIS) to obtain legal permanent residency status for Plaintiffs.

6. Defendants signed USCIS Form I-864 Affidavit of Support as the sponsors of Plaintiffs.

7. Plaintiffs were approved as U.S. Legal Permanent Residents and traveled to the United States to live.

8. Junior Echon moved to Rocky Ford, Colorado from the Philippines in September 2011.

9. In April 2012, Maribel Echon moved to Rocky Ford with three of their sons, Plaintiff Justin Echon, Jeffrey (who is not a party to this action), and a minor son.

10. Plaintiffs lived in one of the rental houses owned by the Sacketts until mid-September 2014.

11. At all times relevant to this case, the rental value of the housing Defendants provided to Plaintiffs was no more than $750 per month.

12. The Sacketts supplied Plaintiffs with food valued at $12,500, or less.

13. The Sacketts provided for transportation for Justin Echon and Plaintiffs" minor son to and from school, valued at approximately $1,600.

14. To the extent a jury finds that Junior and Maribel Echon performed work for the Sacketts, the Sacketts did not pay for their work and only gave them money a few times after the Echons had begged, and William Sackett was aware that his wife did not pay Plaintiffs for their work.

15. Similarly, to the extent a jury finds that Justin Echon performed work for the Sacketts, William Sackett paid Justin Echon only occasionally, and only a small sum for his work.

16. Plaintiffs spoke very little English when they arrived in the United States and still are not fluent in English.

17. Defendants kept Maribel and Justin Echon's residency and Social Security cards from Plaintiffs for over a year.

18. In January 2013, Junior Echon suffered from complications with his kidneys.

19. Plaintiffs depended on Defendants for food and lodging.

20. Justin Echon and his minor brother attended school in Rocky Ford.

21. The Sacketts rarely bought clothing or shoes for Plaintiffs, or school supplies for Junior and Maribel's school-age children.

22. In the fall of 2013, Plaintiffs applied for food stamps with Otero County, Colorado. They ultimately received food stamps for their minor son, and by summer of 2014 were receiving $189 per month.

23. Plaintiffs received food and clothes from service providers, a Presbyterian Church, the food bank, and the Salvation Army.

24. In June 2014, Plaintiffs sought assistance from Colorado Legal Services to help them leave the Sacketts.

25. Around this time, Junior and Maribel Echon started working at odd jobs for Rocky Ford resident Phyllis Adkins, who would provide transportation for them to and from her home.

26. Plaintiffs left Rocky Ford in September of 2014.

27. Since their departure, they have not received any money or support from the Sacketts.

28. On October 10, 2014, Plaintiffs' attorney sent a demand letter to Defendants requesting payment of wages and other relief to which they were entitled.

29. In October 2014, Plaintiffs earned about $250 working at a cell-phone company.

30. After the job with the cell phone company, Plaintiffs were not able to find stable employment until January 2015.

31. Junior and Maribel Echon have been employed full time since January of 2015.


**Source:**  Second Am. Final Pretrial Order at 14-18, ECF No. 146 (Section IV A. Stipulations & B. Facts Deemed Established and Undisputed (citing Summary Judgment Recommendation at 11-14, ECF No. 116), Defendants' Answer at 5, ECF No. 11.  *See also,* Fed. R. Civ. P. Rule 37(b)(2)(A)(i) and Eleventh Circuit Civil Pattern Jury Instructions, Instruction 2.1 (2013).

**Plaintiffs' Jury Instruction No. 14**

Plaintiffs have brought claims under the Colorado Wage Claim Act, also referred to as the CWCA.  The CWCA is a Colorado state law that provides for the payment of wages for all hours worked, among other requirements. Plaintiffs have also brought claims under the Colorado Minimum Wage Order, which establishes a minimum wage and an overtime wage to be paid to all employees of certain businesses.  The Court has determined as a matter of law that it applies to Defendants' businesses.  All employees of such businesses are to be paid not less than the Colorado minimum wage.  Similarly, employers of such businesses must pay an employee overtime compensation for hours worked in excess of forty in any workweek.

These instructions refer to those laws collectively as "the Colorado Wage Laws."

**Source:**  Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 *et seq.*, Article XVIII, Section 15, Colorado Constitution and Colo. Rev. Stat. § 8-6-101 *et seq.*, Colorado Minimum Wage Order 34, 7 Colo. Code Regs. § 1103-1 *et seq.*

**Plaintiffs' Jury Instruction No. 15**

In order for each Plaintiff to establish his or her claims that the Defendants' failure to pay them wages was a violation of the Colorado Wage Laws, each Plaintiff must establish:

1.  Plaintiff was an employee of Defendant; and

2.  Plaintiff worked for Defendant; and

3.  Defendant failed to pay Plaintiff the proper wages owed for all hours Plaintiffs worked.

**Source:**  Colo. Rev. Stat.  § 8-4-109.

**Plaintiffs' Jury Instruction No. 16**

In determining whether the employment relationship exists, you should consider whether Defendants had the power or right to dismiss and the right to control the work of any or all of the Plaintiffs.  The central element is the right to control the details of performance.  It does not matter whether Defendants actually exercised any right to control Plaintiffs they may have had.

"Employee" means any person performing labor or services for the benefit of an employer in which the employer may command, when, where, and how much labor or services shall be performed.

**Source:** Colorado Wage Act, §§8-4-103(1); 8-4-101(5); *Norton v Gilman*, 949 P.2d 565 (Colo. 1997); *Moses v. Diocese of Colo.,* 863 P.2d 310 (Colo. 1993), *cert denied*, 511 U.S. 1137 (1994); *Jacobson v. Doan*, 319 P.2d 975 (1957); *Colorado Comp. Ins. Auth. v. Jones*, 131 P.3d 1074 (Colo. App. 2005), *cert. denied* (2006); *Tunget v. Board of County Comm'rs*, 992 P.2d 650 (Colo. App. 1999), cert. denied (2000).

**Plaintiffs' Jury Instruction No. 17**

A single employee can be employed by two employers at the same time if the two employers are deemed to be "joint employers." If you determine that Mr. and Mrs. Sackett are Plaintiffs' joint employers, then both Mr. and Mrs. Sackett are individually and jointly responsible for any violations of the Colorado Wage Laws.

**Source:** *Falk v. Brennan*, 414 U.S. 190, 195 (1973)**;** *Solis v. Circle Grp., LLC*, Civil Action No. 16-cv-01329-RBJ, 2017 U.S. Dist. LEXIS 51936, at *9 (D. Colo. Apr. 5, 2017) (finding analogous joint employer liability available under Colorado Wage Claim Act).

**Plaintiffs' Jury Instruction No. 18**

Where an employee performs work that simultaneously benefits two employers, or works for two employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:

(1) Where there is an arrangement between the employers to share the employee's services;

(2) Where one employer is acting directly or indirectly in the interest of the other employer in relation to the employee; or

(3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

**Source:** *Zachary v. Rescare Okla., Inc.*, 471 F. Supp. 2d 1175, 1178-79 (N.D. Okla. 2006) (citing 29 C.F.R. § 791.2(b)); *Salazar v. Butterball, LLC*, Civil Action No. 08-cv-02071-MSK-CBS, 2009 U.S. Dist. LEXIS 125989, at *46-47 (D. Colo. Dec. 3, 2009) (finding that Colorado wage law derives from analogous federal law in the absence of applicable Colorado authority).

**Plaintiffs' Jury Instruction No. 19**

If you find that any of the Plaintiffs did work for Defendants, the minimum wage Plaintiffs were required to receive on an hourly basis follows below.  If you find that any of the Plaintiffs did work for Defendants, you can find that Plaintiffs were entitled to higher wages but no less than the following:

Colorado Minimum Wage Rates

As of January 1, 2011, the Colorado minimum wage was $7.36 per hour.

As of January 1, 2012, the Colorado minimum wage was $7.64 per hour.

As of January 1, 2013, the Colorado minimum wage was $7.78 per hour.

As of January 1, 2014, the Colorado minimum wage was $8.00 per hour.

**Source:**  Article XVIII, Section 15, Colorado Constitution; Colorado Minimum Wage Order Nos. 27 – 30; Colo. Rev. Stat. § 8-6-118; and 7 Colo. Code Regs. § 1103-1 *et seq.*

**Plaintiffs' Jury Instruction No. 20**

If you find that any of the Plaintiffs did work for Defendants, you must determine what, if any, overtime pay any of the Plaintiffs are entitled to for all hours worked for Defendants in excess of forty in any workweek.

Overtime compensation must be paid at a rate of at least one and one-half times the employee's regular rate of pay for each hour worked over forty hours in that workweek.

**Source:**  Colorado Minimum Wage Order Nos. 27 – 30.

**Plaintiffs' Jury Instruction No. 21**

You must determine the number of hours worked by the Plaintiffs based on all of the evidence.  The Defendants are legally required to keep accurate records of their employees' hours worked.  Absent records provided by Defendants, damages may be awarded even though the result is only approximate.  The employer cannot complain that the damages lack the precision that would have been possible if the employer had kept the records required by law.

**Source:**  Colo. Rev. Stat.  § 8-4-109.  *See also, Topp v. Lone Tree Ath. Club, Inc.,* 2014 U.S. Dist. LEXIS 95986 *23, (D. Colo. June 25, 2014) quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds,* and *Salazar v. Butterball, LLC,* Civil Action No. 08-cv-02071-MSK-CBS, 2009 U.S. Dist. LEXIS 125989, at *46-47 (D. Colo. Dec. 3, 2009) (finding that Colorado wage law derives from analogous federal law in the absence of applicable Colorado authority).

**Plaintiffs' Jury Instruction No. 22**

Prior to January 1, 2015, certain penalties were available to employees claiming unpaid wages if they made a written demand for the payment within sixty days after the date of job separation and the employer did not pay the wages owed within fourteen days after the receipt of such demand.

The Court has already determined that Plaintiffs sent such a demand in this case and that the Defendants did not pay the wages demanded within fourteen days after the receipt of such demand.  If you find that any of the Plaintiffs did work for Defendants, you must determine whether Plaintiffs' demand letter was sent within sixty days after they stopped working for Defendants so that the Court may apply the appropriate penalties.

**Source:**  Colo. Rev. Statute § 8-4-109 (3)(a) (2003); *see also* Instruction No. 13 at ¶¶ 27-28[established facts instruction].

**Plaintiffs' Jury Instruction No. 23**

If you find in favor of the Plaintiffs under the Instruction No. 15 and you find against the Defendants, you must determine whether the Defendants' failure to pay Plaintiffs the owed wages was willful.

In order for each Plaintiff to establish that the Defendants' failure to pay him or her the wages owed was willful, he or she must prove, by a preponderance of the evidence that the Defendants knew or should have known that their failure to pay the wages to the Plaintiffs was unlawful.

**Source:** Colo. Rev. Stat. § 8-4-109(3)(c).

## Plaintiffs' Jury Instruction No. 24

Plaintiffs Junior Echon and Justin Echon assert forced labor claims against Defendants William Sackett and Leonida Sackett for violations of Section 1589(a) of Title 18 of the United States Code (18 U.S.C. § 1589).

**Forced Labor (18 U.S.C. § 1589(a))**

To show that a defendant has violated Section 1589(a) of Title 18 of the United States Code, Plaintiffs must show, as to each Defendant, that the Defendant knowingly provided or obtained the labor or services of Plaintiff by any one, or combination of, the following means:

(a) By means of abuse or threatened abuse of law or legal process;

(b) By means of serious harm or threats of serious harm to Plaintiff or another person; or

(c)     By means of a scheme, plan, or pattern intended to cause Plaintiffs to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

**Source:**   18 U.S.C. §§ 1589(a) & (c).   *See also,* Court's Concluding Jury Instructions (Draft) at 32, Instruction Nos. 30 (modified), *U.S. v. Kizzy Kalu,* Case No. 1:12-cr-00106-MSK (D. Colo. June 25, 2013), ECF No. 255.

**Plaintiffs' Jury Instruction No. 25**

Plaintiffs Junior Echon and Justin Echon may alternatively prove their forced labor claims under Section 1589(b) of Title 18 of the United States Code against either or both Defendants by establishing the following elements:

**Forced Labor (18 U.S.C. § 1589(b))**

*First,*

Defendant knowingly benefitted, either financially or by receiving anything of value, from participation in a venture.

*Second,*

The venture had engaged in the providing or obtaining of labor or services by any of the following means:

a.  Serious harm or threats of serious harm to the Plaintiff or another person;

b.  Abuse or threatened abuse of law or legal process; or

c.  A scheme, plan, or pattern of acts intended to cause the Plaintiff to believe that, if the Plaintiff did not perform such labor or services, he or another person would suffer serious harm.

*Third,*

Defendant knew or recklessly disregarded the fact that the venture had engaged in the providing or obtaining of labor or services by any of such means.

**Source:** 18 U.S.C. § 1589(b).

**Plaintiffs' Jury Instruction No. 26**

In considering Instruction Nos. 24 & 25, I instruct you that the words "provide" and "obtain" are to be given their ordinary meanings.  "Provide" means to supply something or make something available, and "obtain" means to gain, acquire, or attain.

 "Abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action. "Abuse or threatened abuse of law or legal process" may also be established by showing conduct in which the Defendant threatens to involve law enforcement or immigration authorities in order to persuade the Plaintiff to remain faithful and continue working.

The term "serious harm" means any harm.  Therefore, a threat of serious harm includes any threats of any consequences, whether physical or non-physical harm, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

To determine whether Plaintiffs reasonably believed they had no choice but to work or to remain working for Defendants to avoid serious harm to themselves or another person, you may consider the cumulative effect of the conduct of the Defendants on Plaintiffs. You may also consider Plaintiffs' background, physical and mental condition, experience, education, socioeconomic status, age, any inequalities between them and the Defendants with respect to these considerations, including their relative stations in life, immigration status, cultural

background, ethnicity, ability to speak the language spoken in the region of the country where he was performing the labor or services, background, social isolation, and social status.

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings. A "scheme, plan, or pattern intended to cause a person to believe that nonperformance of labor or services will result in serious harm" need not involve actual threats of serious harm, but may involve any other means—including deception or psychological coercion—used to cause the worker to reasonably believe that he, his family, or any other person would suffer serious harm if he refused to continue providing labor or services.

Plaintiffs need not prove physical restraint, such as the use of chains, barbed wire, or locked doors, in order to establish the offense of forced labor. The fact that Plaintiffs may have had an opportunity to escape is not determinative of whether the forced labor statute has been violated if any of the Defendants placed Plaintiffs in such fear or circumstances that they did not reasonably believe they could leave their employment.

Even if a Plaintiff may have initially agreed, voluntarily, to render the service or perform the work that is not determinative of whether the forced labor standard has been violated.

If Defendants William and/or Leonida Sackett subjected Plaintiffs to forced labor for a period of time, but improved conditions to the extent that Defendants no longer subjected a Plaintiff to forced labor even though he remained in Defendants' employ, Defendants still may be liable for forced labor for the period of time when the forced labor occurred.

**Source:**  18 U.S.C. §§ 1589(a) & (c); *Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.,* 790 F. Supp. 2d 1134, 1146 (C.D. Cal. 2011); Opinion and Order Denying Motions to Dismiss at 8 (Sept. 24, 2012), ECF No. 138 (citing *U.S. v. Calimlim*, 538 F.3d 706 (7th Cir. 2008) and *U.S.*

*v. Bradley,* 390 F.3d 145, 153 (1st Cir. 2004) (immigration status may make a victim "especially vulnerable to pressure")).  *See U.S. v. Nnaji,* 447 Fed. Appx. 558, 559 (5th Cir. 2011) (highlighting the inability of Plaintiff to speak English in ways Defendants took advantage of her vulnerabilities to coerce her to perform work).  *See also,* Court's Concluding Jury Instructions (Draft) at 33, Instruction No. 31 (modified), *U.S. v. Kizzy Kalu,* Case No. 1:12-cr-00106-MSK (D. Colo. June 25, 2013), ECF No. 255.

**Plaintiffs' Jury Instruction No. 27**

**Damages**

If you find that one or more Plaintiffs met each of the requirements listed above with respect to forced labor, you may award damages.  Plaintiffs seek compensatory and punitive damages for their forced labor claims.

1. <u>Compensatory Damages</u>

If you find that a Defendant is liable to a Plaintiff, then you must determine an amount that is fair compensation for all of that Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole— that is, to compensate that Plaintiff for the damage that he has suffered.  Compensatory damages are not limited to expenses that a Plaintiff may have incurred because of his injury. If a Plaintiff wins, he is additionally entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of a Defendant's wrongful conduct.

2. <u>Punitive Damages</u>

In addition to compensatory damages, the law permits a jury, under certain circumstances, to award the injured person punitive and exemplary damages in order to punish the wrongdoer for some extraordinary or outrageous misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find for a Plaintiff on his forced labor claim, and if you further find that Defendant's conduct causing injury or damage to Plaintiff was maliciously, or wantonly, or oppressively done, then you may, in your discretion, assess punitive damages against the Defendant as punishment and as a deterrent to others.   If you find punitive damages should be assessed against a Defendant, you may consider the financial resources of that Defendant in

fixing the amount of such damages.  You may assess punitive damages against either or both of the Defendants, or against more than one Defendant in different amounts.

*Definitions.*  An act or failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

**Source:** *Ditullio v. Boehm*, 662 F.3d 1091, 1098 (9th Cir. 2011); §§ 128:81 and 151:52, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.).

**Plaintiffs' Jury Instruction No. 28**

Plaintiffs Junior Echon, Maribel Echon, and Justin Echon claim that Defendants William Sackett and Leonida Sackett were unjustly enriched at the Plaintiffs' expense. To establish this claim, Plaintiffs must prove all the following factual elements by a preponderance of the evidence:

1.  At the expense of Plaintiff;

2.  Defendants received a benefit;

3.  Under circumstances that would make it unjust for Defendants to retain the benefit without paying.

**Source:** *DCB Const. Co., Inc. v. Cent. City Dev. Co.*, 965 P.2d 115, 119–20 (Colo. 1998); *see also Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.*, 821 P.2d 788, 795 (Colo. 1991).

**Plaintiffs' Jury Instruction No. 29**

Upon retiring to the jury room to begin your deliberations, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Any verdict you reach must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, any verdict you reach must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  However, do not surrender your honest conviction solely because of the opinion of your fellow jurors or for the mere purpose of returning a unanimous verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

A verdict form has been prepared for your convenience.

[Court reads verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson complete the verdict form and then, together with all other jurors, date and sign the verdict form and notify the Court through a note given to the security officer that you have reached a verdict.

**Source:**  Court's Concluding Jury Instructions at 38-39, Instruction No. 33, *White v.*

*Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251.

*See also,* Court's Concluding Jury Instructions at 45-46, Instruction No. 38, *Heinrich v. Master*

*Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No.

304.  *See also*, § 106:01, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.) (modified).

**Plaintiffs' Jury Instruction No. 30**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the court security officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court regarding the issues of the case by any means other than such a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

If you do send a note to me containing a question or request for further direction, please bear in mind that a response takes considerable time and effort. I must first notify counsel to return to court. Then I must confer with counsel, consider their arguments and, if necessary, research the question before reducing the answer or direction to writing.

You will note from the oath about to be taken by the court security officer that he or she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Source:** Court's Concluding Jury Instructions at 40, Instruction No. 34, *White v. Deere & Company,* Case No. 13-cv-02173-PAB-NYW (D. Colo. March 2, 2016), ECF No. 251. *See also,* Court's Concluding Jury Instructions at 47, Instruction No. 39, *Heinrich v. Master Craft Engineering, Inc.,* Case No. 13-cv-01899-PAB-GPG (D. Colo. August 8, 2016), ECF No. 304. *See also*, §103:50, Fed. Jury Practice, O'Malley, Grenig, and Lee (6th ed.).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of January 2018, I served the foregoing Plaintiffs' Proposed Jury Instructions with the Clerk of Court using the CM/ECF system, in addition to sending a hard copy directly to Defendants via US Mail at the following address:

William and Leonida Sackett
20370 HWY 50 E
Rocky Ford, CO 81067


_____*s/ Jenifer Rodriguez*_____
Jenifer Rodriguez