IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case 14-cv-03420-PAB-NYW

ESMERALDO VILLANUEVA ECHON JR;
MARIBEL ECHON;
and JUSTIN ECHON

    Plaintiffs,
v.

WILLIAM SACKETT and
LEONIDA SACKETT

    Defendants.

**PLAINTIFFS' TRIAL BRIEF**

Plaintiffs respectfully submit their Trial Brief for the jury trial commencing February 12, 2018. The trial preparation conference is set for January 26, 2017.

I.    BACKGROUND AND CLAIMS

    A.    <u>Factual Background and Allegations</u>

Over the course of three years, Defendants forced Plaintiffs—through threats of deportation and verbal abuse—to work on their farm, in their market, and in their home. Plaintiffs bring this action for payment of damages for their years of forced labor without pay.

Defendants Leonida Sackett and William Sackett are married, and together they own and operate a retail produce market and farm known as "Sackett's Farm Market." *See* Second Am. Final Pretrial Order at 15, ECF No. 146. They also own several residential rental properties. *Id.* Defendant Leonida Sackett, a U.S. Citizen, is Plaintiff Esmeraldo Echon, Jr.'s sister; Plaintiff

1

Maribel Echon is Plaintiff Esmeraldo Echon's wife; Plaintiff Justin Echon is Plaintiffs Esmeraldo and Maribel Echon's son.[1] *Id.* at 16. Defendant Leonida Sackett successfully petitioned the U.S. Citizen and Immigration Services ("USCIS") for legal permanent residency status for Plaintiffs. *Id.* In September 2011, Plaintiff Esmeraldo Echon moved to Rocky Ford, Colorado from the Philippines to live with Defendant Leonida Sackett, and Plaintiffs Maribel and Justin Echon joined him in April 2012.[2] *Id.* Plaintiffs lived in one of the rental houses owned by the Defendants. *Id.*

Soon after they arrived, Defendants told Plaintiffs that they needed to work off their debt for the costs Defendants had incurred for bringing Plaintiffs to the United States. E. Echon Decl. ¶¶ 25-27, 31-33, 40, ECF No. 104-18. Defendants got Plaintiffs to work for them for no pay by threatening to deport Plaintiffs, through verbal abuse, and coercion. E. Echon Decl. ¶¶ 20-22, 37-39, 44, ECF No. 104-18; M. Echon Decl. ¶¶ 14, 15, 18, ECF No. 104-19; J. Echon Decl. ¶ 10, ECF No. 104-20. Plaintiffs believed Defendant Leonida Sackett could have their family deported since she sponsored their applications for legal permanent residency. E. Echon Decl. ¶ 45, ECF No. 104-18; M. Echon Decl. ¶ 37, ECF No. 104-19; J. Echon Decl. ¶ 10, ECF No. 104-20. Defendant Leonida Sackett threatened to shut off the gas to the house where Plaintiffs lived if they did not work for her. Adkins Decl. ¶ 10, ECF No. 104-23.

Defendants required Esmeraldo Echon to perform a variety of jobs for them from September 2011 through the time the family left in 2014. He worked on their rental properties—

---

[1] Plaintiffs attach as Ex. A a family tree of the relevant members of the Sackett and Echon families, which Plaintiffs have endorsed as their Exhibit 22 for trial.

[2] They were joined by two other children of Plaintiffs Esmeraldo and Maribel Echon, who are not parties to this action.

cleaning, making repairs, doing yard work, and painting. He also worked in Defendants' fields, greenhouse, market, and at their home, including building a garage and concrete wall, and flooring a warehouse. He generally worked ten hours per day for six days per week. Defendants did not pay Esmeraldo and Maribel Echon for their work and only gave them money a few times after they had begged. E. Echon Decl. ¶¶ 51-53, 56-58, 64-65, 68-69, 71-74, 82, 90, 92, 93, 95, 97, 109, ECF No. 104-18.

Justin Echon was in high school but worked at least one day/week and then every day during summers and school holidays. J. Echon Decl. ¶¶ 11-14, 16-19, 24-28, ECF No. 104-20. Justin Echon worked in Defendants' fields, on construction projects, and on other miscellaneous jobs for about nine hours each day for six days each week. *Id.* From April 2012-September 2014, Defendants required Maribel Echon to work for Defendants by caring for Leonida Sackett and Esmeraldo Echon's mother, Conchita Echon.³ M. Echon Decl. ¶¶ 19, 21, ECF No. 104-19. Defendants also required Maribel Echon to perform other work at their farm, market, rental properties, and home for about six hours per day, three days per week. *Id.* ¶ 34.

Defendants failed to provide sufficient food to Plaintiffs, leaving them hungry. E. Echon Decl. ¶¶ 60-63, 50, ECF No. 104-18. Defendants rarely bought clothing or shoes for Plaintiffs, or school supplies for Esmeraldo and Maribel's school-age children. M. Echon Decl. ¶ 51, ECF No. 104-19. Plaintiffs sought and received food and clothes from service providers, a Presbyterian Church, the food bank, and Salvation Army. E. Echon. Decl. ¶¶ 83-84, ECF No. 104-18; M. Echon Dec. ¶ 53, ECF No. 104-19. When Plaintiffs left Rocky Ford in September of 2014, they

---

³ While that work is arguably compensable, Plaintiffs do not seek damages for the labor provided in caring for Conchita Echon.

3

did so in secrecy and with the assistance of several agencies. M. Echon Decl. ¶ 54, ECF No. 104-19. Since Plaintiffs left Rocky Ford in September 2014, they have not received any money or support from Defendants. *Id.* ¶ 62.

      B.      <u>Procedural Posture</u>

Plaintiffs filed the Complaint in this case on December 18, 2014. *See* Compl., ECF No. 1. From the beginning, Defendants made the choice to appear *pro se* and continue to represent themselves in this matter. *See* W. Sackett Dep. Tr. at 8:15 – 10:3, ECF No. 104-21; Apr. 23, 2015 Courtroom Minutes/Minute Order at 2, ECF No. 16; Oct. 1, 2015 Courtroom Minutes/Minute Order, ECF No. 52. After numerous motions, hearings, and orders, because Defendants continued to refuse to comply with the Court's orders and respond to Plaintiffs' interrogatories, the Court sanctioned Defendants. *See* January 23, 2017 Recommendation of United States Magistrate Judge ("Sanctions Recommendation") at 16-17, ECF No. 91; Feb. 24, 2017 Order Accepting Magistrate Judge's Recommendation ("Sanctions Order") at 2-3, ECF No. 92. As an additional sanction, the Court also granted Plaintiffs' request that the Court direct certain matters or facts to be taken as established for the purposes of this case. *Id.* On May 1, 2017, Plaintiffs filed their motion for summary judgment. Mot. Summ. J., ECF No. 104. The Court granted that motion as to Plaintiffs' contract claims but denied it as to the remainder of the claims, while establishing certain facts as true for the purpose of the case. Sept. 20, 2017 Recommendation of United States Magistrate Judge ("Summary Judgment Recommendation"), ECF No. 116; Nov. 1, 2017 Order Accepting Magistrate Judge's Recommendations ("Summary Judgment Order"), ECF No. 138; *see also* Second Am. Final Pretrial Order at 15-18, ECF No. 146 (deeming facts established under Rule 56(g)).

C. <u>Claims Remaining for Trial</u>

Plaintiffs have three claims remaining for trial.

  *1. Claim One – Violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. 1589(a) and/or (b).*

This claim is asserted by Plaintiffs Esmeraldo Echon and Justin Echon against both Defendants. To prove this claim, Plaintiffs must establish by a preponderance of the evidence that Defendants knowingly provided or obtained Plaintiffs' labor through a means prohibited by the statute, or knowingly benefitted from participation in a venture that did so. 18 U.S.C. § 1589. The "means" prohibited by the statute include "serious harm or threats of serious harm," "abuse or threatened abuse of law or legal process," and "any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint." 18 U.S.C. § 1589(a).

"Serious harm" is "any harm that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm." 18 U.S.C. § 1589(c)(2). "Serious harm" need not include physical violence, and may involve more subtle psychological methods of coercion. *Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.,* 790 F. Supp. 2d 1134, 1146 (C.D. Cal., May 11, 2011) (citing *U.S. v. Bradley*, 390 F.3d. 145, 150 (1st Cir. 2004) *judgment vacated on other grounds*. The TVPRA "not only protects victims from the most heinous human trafficking crimes, but also various additional types of fraud and extortion leading to forced labor." *Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.,* 790 F. Supp. 2d at 1145.

Abuse of legal process also constitutes a prohibited means under the TVPRA.

Threatening a victim with deportation "clearly fall[s] within the concept and definition of 'abuse of legal process.'" *United States v. Garcia,* Case No. 02-cr-110S-01, 2003 U.S. Dist. LEXIS 22088, at *23 (W.D.N.Y. Dec. 2, 2003).

Plaintiffs seek compensatory damages, beyond those awarded under Plaintiffs' Colorado Wage claims, in addition to punitive damages and attorneys fees. 18 U.S.C. § 1595(a); *see also, Francisco v. Susano,* 525 F. App'x 828 (10th Cir. 2013); *Ditullio v. Boehm*, 662 F.3d 1091 (9th Cir. 2011).

### 2. *Claims Three and Four – Violation of the Colorado Minimum Wage of Workers and the Colorado Wage Claim Act.*

All Plaintiffs bring these wage claims against all Defendants. To prove the wage claims, Plaintiffs must show that (1) Plaintiff was an employee of Defendant; (2) Plaintiff worked for Defendant; and (3) Defendant failed to pay Plaintiff the proper wages owed for all hours Plaintiffs worked. Colo. Rev. Stat. § 8-4-109. In addition, since Plaintiffs were entitled to be paid at least the Colorado minimum wage, if Plaintiffs show that Defendants failed to pay Plaintiffs for their work, Defendants are liable for Plaintiffs' unpaid minimum wages, in addition to attorney fees and costs, pursuant to Colo. Rev. Stat. § 8-6-118.

Plaintiffs further seek penalties under the Colorado Wage Claim Act for Defendants' non-payment of wages within the statutorily-required period following Plaintiffs' demand letter, Colo. Rev. Statute § 8-4-109 (3)(a) (2003), and because Defendants' non-payment was willful, *id.* Plaintiffs will ask the jury to make the predicate findings for the penalties and then will ask the Court to assess those penalties as a matter of law.

### 3. *Claim Seven – Unjust Enrichment.*

All Plaintiffs bring this claim against all Defendants. To prove this claim, Plaintiffs must

prove that (1) at the expense of Plaintiff; (2) Defendants received a benefit; (3) under circumstances that would make it unjust for Defendants to retain the benefit without paying. *DCB Const. Co., Inc. v. Cent. City Dev. Co.*, 965 P.2d 115, 119–20 (Colo. 1998). Plaintiffs plead this claim in the alternative to their wage claims.

II.  PENDING MOTIONS

The following six pretrial motions are pending before the Court:

1. Plaintiffs' Motion to Allow Telephonic Testimony Pursuant to Fed. R. Civ. P. 43(a), ECF No. 156 (Jan. 9, 2018).

2. Plaintiffs' Motion *In Limine* No. 1 – Evidence Inconsistent with Facts The Court Has Deemed Established, ECF No. 160 (Jan. 12, 2018).

3. Plaintiffs' Motion *In Limine* No. 2 – All Exhibits Defendants Failed to Disclose During Discovery, ECF No. 161 (Jan. 12, 2018).

4. Plaintiffs' Motion *In Limine* No. 3 – Defendants' Character Witnesses, ECF No. 162 (Jan. 12, 2018).

5. Plaintiffs' Motion *In Limine* No. 4 – Defendants' Conspiracy Theories about Plaintiffs' Counsel, ECF No. 163 (Jan. 12, 2018).

6. Plaintiffs' Motion for Leave to Allow Plaintiffs' Expert Witness to Remain in the Courtroom During Trial, ECF No. 169 (Jan. 19, 2018).

III.  OTHER ISSUES

Plaintiffs wish to flag the two following additional issues for the Court.

A.  <u>Damages on Plaintiffs' Claims Five and Six (Breach of Contract)</u>

The Court granted summary judgment in favor of Plaintiffs on Plaintiffs' breach of

contract claims (Claims Five and Six) with respect to liability. Summary Judgment Recommendation at 34-39, ECF No. 116; Summary Judgment Order at 2, ECF No. 138. The Court ordered that the issue of damages would be reserved for the jury. *Id.* at 38. Plaintiffs intend to stipulate to the Court's finding of the difference between Plaintiffs' household income and 125 percent of the Federal Poverty Guideline of $31,439.50 to avoid using valuable trial time on this issue. *See* Summary Judgment Recommendation at 38, ECF No. 116. At trial, the amount of damages owed to Plaintiffs on this claim could only increase, but Plaintiffs intend to waive their right to prove additional damages and instead will accept as damages the floor recommended by the Magistrate Judge and accepted by the Court. *See* Summary Judgment Recommendation at 34-39, ECF No. 116; Summary Judgment Order at 2, ECF No. 138.

B. Presentation of Established Facts to the Jury

The Court has deemed numerous facts established in this case, pursuant to the sanctions imposed against Defendants.[4] To ensure that these established facts are included in the evidentiary record, Plaintiffs' respectfully request that the Court read the jury the established facts at the start of the evidence in the Plaintiffs' case. Likewise, because the established facts in this case are to be included as evidence in this case, Plaintiffs' request that the Court modify Proposed Introductory Jury Instruction No. 3, ECF No. 174 at 6, to clarify that the facts the Court has established are also evidence.

C. Admission of Plaintiffs' Exhibits at the Start of Trial

Plaintiffs provided their exhibits for trial to Defendants on October 12, 2017. *See* Ex. B,

---

[4] *See* Second Am. Final Pretrial Order at 15-18, ECF No. 146; *see generally* Plaintiffs' Motion *In Limine* No. 1 – Evidence Inconsistent with Facts The Court Has Deemed Established, ECF No. 160 (discussing the Court's orders deeming certain facts established).

Oct. 12, 2017 Letter. Plaintiffs provided their summary exhibits for trial to Defendants on December 14, 2017. *See* Ex. C., Dec. 14, 2017 Letter. Plaintiffs' submissions triggered a fourteen-day window in which Defendants could object to the admissibility of those exhibits, and any "objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause." Fed. R. Civ. P. 26(a)(3)(B). Defendants objected to Plaintiffs' exhibits 25-27. Object to Exhibit 25, 26, 27, ECF No. 154 (Dec. 28, 2017). Defendants have not objected to any of Plaintiffs' other exhibits, and for that reason—and because Defendants have waived all grounds for objection other than under Rules 402 and 403—Plaintiffs intend to move the admission of all their exhibits other than Exhibits 25, 26, and 27, at the start of evidence at trial. Admission of all exhibits at the start of evidence will substantially reduce the time needed at trial.

Respectfully submitted this 24th day of January, 2018.

      *s/ Matthew R. Baca*
Jenifer Rodriguez
Matthew R. Baca
Colorado Legal Services
1905 Sherman Street, Suite 400
Denver, CO 80203
(303) 866-9366 / (f) (303) 863-8589
E-mail: mbaca@colegalserv.org
E-mail: jrodriguez@colegalserv.org
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of January, 2018, I served the foregoing Plaintiffs' Trial Brief with the Clerk of Court using the CM/ECF system, in addition to sending a hard copy directly to Defendants via US Mail at the following address:

William Sackett
20370 HWY 50 E
Rocky Ford, CO 81067

Leonida Sackett
20370 HWY 50 E
Rocky Ford, CO 81067

                                                   *s/ Matthew R. Baca*
                                                   Matthew R. Baca