IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03420-PAB-NYW

ESMERALDO VILLANUEVA ECHON, JR.,
MARIBEL ECHON, and
JUSTIN ECHON,

    Plaintiffs,

v.

WILLIAM SACKETT and
LEONIDA SACKETT,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on defendants' filings entitled "My Witness Needs an Interpreter" [Docket No. 182] and "Sanction Appeal" [Docket No. 184].

## I. BACKGROUND

A detailed overview of this case can be found in Magistrate Judge Nina Y. Wang's recommendation [Docket No. 116] on Plaintiffs' Motion for Summary Judgment [Docket No. 106], which was adopted by this Court on November 1, 2017. *See* Docket No. 138. Plaintiffs Esmeraldo, Maribel, and Justin Echon assert claims for breach of contract and unjust enrichment, as well as violations of the Trafficking Victims Protection Reauthorization Act, the Colorado Minimum Wage of Workers Act, and the Colorado Wage Claim Act. *See* Docket No. 1. Defendants William and Leonida Sackett have chosen to proceed in this matter without the benefit of an attorney.

The case is presently set for a three-day jury trial beginning on February 12, 2018. Docket No. 123. On January 26, 2018, this Court held a trial preparation conference in which it ruled on a number of pretrial motions filed by plaintiffs. *See* Docket No. 181. Among those motions were plaintiffs' Motions *in Limine* Nos. 1-2 [Docket No. 160, 161], which requested that the Court preclude defendants from introducing at trial evidence inconsistent with facts previously deemed established, *see* Docket No. 160 at 1, and exhibits not disclosed during discovery. *See* Docket No. 161 at 1. The Court granted both motions. *See* Docket No. 181. In doing so, the Court relied on earlier orders precluding defendants from offering evidence not disclosed in discovery, *see* Docket No. 91 at 16 (magistrate judge recommendation); Docket No. 92 (order adopting recommendation), and deeming certain facts established for the purposes of the action, *see* Docket No. 116 at 11-14, 39 (magistrate judge recommendation); Docket No. 138 (order adopting recommendation), as sanctions for defendants' discovery conduct.

On January 31, 2018, defendants filed two motions entitled "My Witness Needs an Interpreter" [Docket No. 182] and "Sanction Appeal" [Docket No. 184].

## II. DEFENDANTS' PRO SE STATUS

Because defendants are proceeding pro se, the Court will construe their filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although it is not clear what relief defendants are seeking with their most recent filings, the Court will construe defendant's filing entitled "My Witness Needs an Interpreter" [Docket No. 182] as a motion seeking a court-appointed interpreter for defendants' trial witness, Laurel

Echon. The Court will construe defendants' "Sanction Appeal" [Docket No. 184] as an objection to that portion of the Court's January 26, 2018 order [Docket No. 181] granting plaintiffs' Motions *in Limine* Nos. 1-2 [Docket Nos. 160, 161].

## III. ANALYSIS

### A. Request for an Interpreter

Defendants request a Tagalog interpreter for a witness they intend to call at trial. Docket No. 182. Defendants do not explain why they are unable to procure an interpreter themselves. Nor do they cite any authority for the proposition that the Court is required to appoint an interpreter in a civil case. There is no federal rule or statute requiring a court to appoint an interpreter for a pro se litigant in a civil case not brought by the United States. *See, e.g.*, *Gonzalez v. Bopari*, 2012 WL 6569776, at *1 (E.D. Cal. Dec. 17, 2012) (denying pro se litigant's request for interpreter in civil rights action); *Herrera v. Zavares*, No. 09-cv-01229-MSK-KLM, 2010 WL 3853312, at *13 (D. Colo. Sept. 28, 2010) (noting that "there is no statutory obligation for the Court to supply an interpreter to a civil litigant" and that the decision to do so is "confined to the sound discretion of the Court"); *see also* 28 U.S.C. § 1827(b) (providing that the "Director [of the Administrative Office of the United States Courts] shall prescribe . . . persons who may serve as certified interpreters . . . for . . . persons who speak only or primarily a language other than the English language, in judicial proceedings *instituted by the United States*" (emphasis added); Fed. R. Civ. P. 43(d) (providing that "court *may* appoint an interpreter of its choosing" (emphasis added)); 5 Guide to Judiciary Policy § 260 (2017) ("Interpreter services needed to assist parties to civil proceedings not

3

instituted by the United States . . . are the responsibility of the parties to the action . . . ."). Because defendants have failed to justify their request for a court-appointed interpreter, their request will be denied.

### B. Objection to Court's Rulings on Plaintiffs' Motions in Limine

In their filing entitled "Sanction Appeal," defendants appear to object to that portion of the Court's January 26, 2018 oral ruling granting plaintiffs' motions *in limine* to preclude defendants from introducing certain evidence at trial pursuant to the Court's prior sanctions orders. See Docket No. 184.[1] Defendants argue that the Court's rulings are unfair because (1) defendants disclosed all information requested of them during discovery and (2) defendants were not familiar with the meaning and purpose of plaintiffs' motions *in limine*. *Id.* at 2-3.

The Court finds that defendants' first argument is untimely. The Court's rulings merely enforce orders previously issued by this Court. On January 23, 2017, the magistrate judge recommended that the Court grant plaintiffs' request to preclude defendants from "offering evidence that [had] not been disclosed in discovery" as a sanction for defendants' repeated violation of the discovery rules. Docket No. 91 at 16. Defendants never filed an objection to the magistrate judge's recommendation, *see* 28 U.S.C. § 636(b)(1) (permitting party to file written objections to magistrate judge recommendation within fourteen days), and the recommendation was adopted by this Court on February 24, 2017. Docket No. 92. The Court's January 26, 2018 order granting plaintiffs' motion to exclude all exhibits defendants failed to disclose during

---

[1]As noted previously, this portion of the Court's order grants the relief requested in plaintiffs' Motions *in Limine* Nos. 1-2 [Docket Nos. 160, 161].

discovery [Docket No. 161] enforces the Court's February 24, 2017 order. To the extent defendants argue that this is an unfair sanction for their conduct during discovery, the time for such an objection has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b) (imposing fourteen-day deadline for filing objections to proposed findings and recommendations of magistrate judge).

The Court's ruling granting plaintiffs' motion *in limine* to preclude defendants from introducing evidence inconsistent with facts deemed established [Docket No. 160] also enforces a prior order of this Court. *See* Docket No. 181. On September 20, 2017, the magistrate judge issued a recommendation on plaintiffs' summary judgment motion, proposing that certain facts be accepted as true for purposes of the action. *See* Docket No. 116 at 11-14, 39. Neither party objected to the magistrate judge's recommendation, which was adopted by this Court on November 1, 2017. Docket No. 138. On December 8, 2017, the magistrate judge issued a second amended final pretrial order incorporating those facts deemed established and undisputed for purposes of the action. Docket No. 146 at 15-18. The Court's ruling on plaintiffs' Motion *in Limine* No. 1 [Docket No. 160] enforces these prior orders by prohibiting defendants from introducing at trial evidence that is inconsistent with facts deemed established. Although defendants suggest that this is an unfair outcome, their recourse was to file an objection to the magistrate judge's recommendation on summary judgment. Because they failed to do so, they have no basis for challenging the Court's January 26, 2018 ruling.

Defendants contend that the Court's order was unfair because defendants did

not know what a motion *in limine* is. As the Tenth Circuit has previously stated, a party's "pro se status does not relieve him of the obligation to comply with procedural rules." *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002). By choosing to go to trial without an attorney, defendants have "volitionally assume[d] the risks . . . which accompany self-representation," including the risk that they will not understand every aspect of the proceedings. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Whether or not defendants understood what a motion "*in limine*" is, each motion *in limine* provided a clear description of the basis of the motion and the relief sought. Accordingly, defendants cannot now challenge the Court's January 26, 2018 order on the basis that they did not understand the meaning or import of plaintiffs' pretrial motions.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' filing "My Witness Needs an Interpreter" [Docket No. 182], which the Court construes as a motion for a court-appointed interpreter for defendants' trial witness, Laurel Echon, is **DENIED**. It is further

**ORDERED** that defendants' "Sanction Appeal," which the Court construes as an objection to that portion of its January 26, 2018 order [Docket No. 181] granting plaintiffs' Motions *in Limine* Nos. 1-2 [Docket Nos. 160, 161], is **OVERRULED**.

DATED February 2, 2018.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge