IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03420-PAB-NYW

ESMERALDO VILLANUEVA ECHON, JR.,
MARIBEL ECHON, and
JUSTIN ECHON,

    Plaintiffs,

v.

WILLIAM SACKETT and
LEONIDA SACKETT,

    Defendants.
_____

## MINUTE ORDER
_____

**Entered by Judge Philip A. Brimmer**

    This matter is before the Court on plaintiffs' Motion for Clarification and Reconsideration of Court's Ruling on Plaintiffs' Motion *in Limine* No. 3 [Docket No. 196]. During the Trial Preparation Conference on January 26, 2018, the Court ruled that certain of defendants' witnesses would be permitted to testify at trial regarding defendants' character for truthfulness. *See* Docket No. 181. Plaintiffs now move for clarification of that ruling as to one of defendants' witnesses, Timothy O'Reilly, who was not disclosed as a witness by defendants until the Final Pretrial Order. *See* Docket No. 196 at 2. Plaintiffs also ask that the Court reconsider its ruling as to the remaining witnesses. *See id.* at 3-4. Plaintiffs argue that, because they do not intend to introduce opinion or reputation evidence that defendants have untruthful characters, defendants' proffered witness testimony is inadmissible under Fed. R. Evid. 608(a). *Id.*

    The Court agrees with plaintiffs that defendants' witness Timothy O'Reilly should be precluded from testifying at trial. Given that defendants did not disclose Mr. O'Reilly as a witness until the Final Pretrial Order [Docket No. 120], the Court finds that plaintiffs would suffer prejudice if he were allowed to testify at trial. Accordingly, Mr. O'Reilly will be precluded from testifying as to any matter, including defendants' character for truthfulness. *See* Fed. R. Civ. P. 37(c)(1) (providing that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless").

The Court declines to reconsider its ruling as to the remaining witnesses. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). In determining whether to grant a motion for reconsideration, courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiffs do not apply these standards for reconsideration in their motion. Nor do they explain why the new legal authorities cited in their motion could not have been cited in their original motion *in limine* or at the Trial Preparation Conference. It is therefore

**ORDERED** that plaintiffs' Motion for Clarification and Reconsideration of Court's Ruling on Plaintiffs' Motion *in Limine* No. 3 [Docket No. 196] is **GRANTED IN PART** and **DENIED IN PART**.

DATED February 9, 2018.